No. 16,671.

SCOTT *v.* GREELEY JOSLIN STORE CO., INC.
(243 P. [2d] 394)

Decided April 7, 1952.   Rehearing denied April 21, 1952.

Mr. ALDEN T. HILL, Mr. RALPH H. COYTE, for plaintiff in error.

Messrs. McCOMB & ZARLENGO, for defendant in error.

*In Department.*

MR. JUSTICE HOLLAND delivered the opinion of the court.

PLAINTIFF in error, to whom we hereinafter refer as plaintiff, prior to October 15, 1949, filed her complaint in damages against defendant alleging negligence of defendant which caused personal injuries occasioned by the falling of an electric fan from the top of a dressing booth in defendant's store in Greeley, Colorado. On June 21, 1950, she filed an amended and supplemental complaint, which was answered by defendant admitting an injury as alleged, but denying that it was the result of any negligence on the part of defendant. Defendant further pled unavoidable accident, contributory negligence and alleged direct negligence of plaintiff. The case was tried before a jury and at the close of all the evidence, the

trial court directed a verdict for defendant on the ground that there was no act shown sufficient in law, by the evidence, that would constitute negligence. Motion for new trial was dispensed with and plaintiff now specifies two points for reversal, (1) That there was evidence of negligence on the part of defendant causing plaintiff's injury; and, (2) there was a presumption of negligence under the res ipsa loquitur doctrine sufficient to raise an issue of fact for the jury's determination.

Plaintiff, as an invitee, went to defendant's store on June 21, 1946, to look at dresses. At the direction of a clerk, who was waiting on her, she went into a fitting booth approximately three and one-half feet square and six and one-half to seven feet high, open at the top. At the time of entering the booth, plaintiff noticed an electric fan in operation which was on the top ledge of the booth. The clerk assisted her in trying on the dress and while plaintiff was taking the dress off over her head, the fan fell as she stepped back and the fan, or a broken part of it, struck her on the tibia of her left leg and the bruise caused thereby developed into a troublesome condition which required much medical attention. The evidence discloses that the fan was not fastened or made stationary on the top of the booth, and that an electric cord approximately three feet long was supposed to be laying in a groove on the top of the booth to a point where it extended four or five inches downward to an electrical outlet on the inside of the booth. If the electric cord was dangling across the booth, plaintiff did not see it; however, she testified that they, meaning the clerk and the proprietor, said that she must have got her arms or the dress entangled with the cord which pulled the fan down. The accident happened at approximately eleven thirty o'clock in the daytime and apparently the booth was sufficiently lighted from the opening at the top. The manager of the store testified that he inspected the store at least twice a week and that he might have been in the booth possibly three or four days prior to the

date of the accident. He said there was six or eight inches of the electric cord that was usually exposed from the socket and that the rest of the cord should have laid in a trough or groove so that it would not be seen the balance of the way to the fan; that he had never seen the cord out of this channel or dangling from it. He further testified that the fan could be pulled down. It is interesting to note that while the woman clerk who waited on plaintiff, and was present at the time of the accident, was available, she was not called as a witness by defendant.

We are impressed with the force of plaintiff's argument that the rule of res ipsa loquitur was applicable under the circumstances disclosed by the evidence. The trial court held that the rule does not apply except when the cause of the accident is unexplainable, and that in this case, it was explained by the reason that the cord was touched and pulled in some way, bringing the fan down.

There is no satisfactory explanation of how this accident happened. Plaintiff gave no positive testimony, but apparently relied upon what "they said."

■ In discussing the rule of res ipsa loquitur, it is said in 65 C.J.S., p. 995, §220 (3):

"It is a rule peculiar to the law of negligence and is an exception to, or perhaps more accurately a qualification of, the general rule, discussed supra §204, that negligence is not to be presumed but must be affirmatively proved. The doctrine is a recognition that prima facie negligence may be established without direct proof; it furnishes a substitute for, and relieves plaintiff of the burden of producing specific proof of negligence."

\* \* \*

"The principle has been characterized as a picturesque way of describing a balance of probability on a question of fact on which little evidence either way has been presented."

On the absence of unavailability of direct evidence of negligence, it is said in 65 C.J.S., p. 1003, §220 (6): "The

introduction of evidence, however, as to how the accident happened and the cause thereof does not necessarily prevent the application of the doctrine, even though the cause of the accident is thereby disclosed, and plaintiff is not deprived of the benefit of the doctrine from the mere introduction of evidence which does not clearly establish the facts or leaves the matter doubtful, * * *."

██ In the case before us we do have certain fixed conditions which make the rule applicable. The instrumentality which produced the injury was under the control and management of defendant. If the cord was out of place, and dangling in such a manner that plaintiff's arms or the dress became entangled therewith and the fan was pulled down, then defendant did not furnish a safe place for plaintiff's use in this particular kind of transaction. Defendant's clerk preceded plaintiff to the booth and should have known or observed such a condition if it existed. Vibration, and other causes, independent of anything on plaintiff's part could have caused an unsecured electric fan to move from its position and fall; therefore, in the light of ordinary experience, the accident here is without explanation except on the theory of negligence. Ordinary experience should have told defendant that in placing a heavy electric fan on a narrow ledge, it might be dislodged by vibration. The same ordinary experience should have told defendant that if the electric cord was not securely anchored in the channel prepared for it, that it could be dislodged and dangle in the booth which was to be used as plaintiff was rightfully using it. The crux of this case lies in the fact that from the evidence, the actual cause of the accident is not known. As an invitee in defendant's place of business, defendant owed plaintiff the duty of ordinary care. Because, an invitation, under the circumstances here, carries with it an assurance that defendant is not inviting the person to danger and that an ordinary safe place is provided for the invitee's safety. It seems that ordinary care would require that in this instance, the fan should

have been so secured in its place that it would not be pulled down by a slight disturbance caused by the occupant of the booth. Neglecting to provide this care, defendant failed to furnish plaintiff a safe place to use in connection with the shopping accommodations. It is a reasonable inference from plaintiff's testimony that she did not know what happened except that the fan came down and caused her injury. She has "an idea that it [the fan] was stationary up there." The concealed danger here lays in the fact that a movable electric fan, under the control of defendant, was on a narrow ledge above the dressing booth in such a position that it could fall into the booth, or be caused to fall by someone, in the rightful use of the booth. And, in fact, it was not a dangling electric cord that caused the injury, it was the fact that this cord was attached to the unfastened fan, thereby creating a hidden peril for plaintiff. The doctrine of res ipsa loquitur should not be employed to create negligence, but its application involves the question and sufficiency of the evidence for a jury to be justified in inferring negligence on the part of defendant. Simply because plaintiff in this case was unable to prove by direct evidence the exact cause of the accident, she should not be deprived of the right to have the jury pass upon reasonable presumptions in connection therewith.

For the reasons herein stated, we believe the trial court erroneously sustained the motion for directed verdict in defendant's favor; therefore the judgment is reversed and the cause remanded with directions that the case be retried according to the views herein expressed.

MR. CHIEF JUSTICE JACKSON, MR. JUSTICE ALTER and MR. JUSTICE MOORE concurring.