No. 17,806.

ROBERT O. BEADLES v. JOHN METAYKA.

No. 17,807.

JOHN METAYKA v. NORMA B. BOWLES, ET AL.
(311 P. [2d] 711)

Decided May 27, 1957. Rehearing denied June 17, 1957.

Mr. RONALD V. YEGGE, Mr. JAMES L. TREECE, for plaintiff in error, Robert O. Beadles.

Mr. JOHN C. YOUNG, Mr. JOHN C. YOUNG, JR., Mr. JAMES C. CATES, for plaintiff in error in No. 17,807, defendant in error in No. 17,806.

Messrs. MURRAY, BAKER & WENDELKEN, for defendant in error The Poor Sisters of St. Francis Seraph.

Mr. PAUL M. CLARK, Mr. LAWRENCE M. WOOD, for defendant in error Norma B. Bowles.

Mr. J. P. NORDLUND, Amicus Curiae.

*En Banc.*

Mr. Justice Day delivered the opinion of the Court.

Two writs of error are before us, both arising out of the same judgments in the trial court, and which, pursuant to Rule 112 (g), R.C.P. Colo., are consolidated for consideration upon the same record and transcript. We will refer to the parties as they appeared in the trial court or by name. Metayka was plaintiff. One of the defendants, Dr. Beadles, was the surgeon. Another physician, defendant Dr. Norma Bowles, was the anesthetist. The other defendant, The Poor Sisters of St. Francis Seraph Hospital, will be referred to as the hospital.

The action was for damages for personal injuries sustained by the plaintiff in a fall from an operating table in the defendant hospital in Colorado Springs. The plaintiff had submitted himself for surgery and his attending physician whom he had chosen to perform the operation was Dr. Beadles. Although Dr. Bowles, the anesthetist, submits a statement for services direct to the patient and is expected to be paid directly by the patient, her services were obtained by Dr. Beadles. The method of selection and the fact that the plaintiff did not meet or know the anesthetist is immaterial to the matters in issue here.

The accident occurred after the plaintiff had been placed on the operating table and had been rendered unconscious by anesthetic. There is little or no dispute as to the chronology of the events. The plaintiff had been on his back after being administered the anesthetic, and Dr. Bowles was engaged in checking respiration, pulse and other related matters concerning the condition of the patient and making a record thereof. An orderly, whose name does not appear in the record, was at the foot of the operating table, and the anesthetist was at the patient's head. Dr. Beadles entered the room and, although not being fully gowned and requiring a nurse to tie his gown, gave orders to place the patient on his

side, which the orderly proceeded to do. The orderly was holding the plaintiff by the hips in the position as directed when he was then told to "get a strap" or "strap the patient." Whereupon the surgeon turned to have his gown tied, and the anesthetist turned her head and began making entries on the chart. The orderly left the side of the operating table to get the strap as directed. The patient then fell to the floor and was injured.

The jury returned a verdict in the sum of $10,757.45 against the surgeon. Verdicts in favor of the defendant Bowles and defendant hospital were also returned by the jury. Dr. Beadles seeks reversal of the judgment against him (No. 17,806) and the plaintiff seeks to reverse the verdicts in favor of the other two defendants (No. 17,807).

Among the contentions of defendant Beadles, in addition to the assertion that he himself was not negligent, are: 1. That the patient was in charge of the anesthetist and the orderly when the accident occurred; 2. That the orderly was an employee of the hospital over whom the surgeon exercised no control, and 3. that the anesthetist was an independent contractor whose services were paid for by the patient, and that if either the orderly or anesthetist or both were negligent he could not be held liable for such negligence. Defendant Beadles admits that as the chief surgeon he was in command during the operation, but contends that his responsibility did not begin until the start of the operation. Another contention is that under the doctrine of respondeat superior in the absence of a master-servant relationship, he cannot be held liable.

Under the evidence and under the instructions, the jury could have found all three defendants were negligent, and could have rendered a verdict against them jointly. On the other hand there was evidence that the anesthetist, under the prevalent practice, had the duty of making the chart entries and of necessity

would have to divert her attention from the patient. There is evidence in the record that the orderly was acting on specific orders of the doctor to "get a strap" which, if believed by the jury, would support a finding that the orderly had done nothing more than obey the orders of the surgeon in charge. Since the triers of the facts resolved the evidence in favor of the two defendants, their verdicts will not be disturbed on review. The verdict of the jury finding Dr. Beadles solely responsible was not error. As a general statement of law applicable we quote:

"If, however, the concurrent negligence of two or more persons combined results in an injury to a third person, they are jointly and severally liable and the injured person may recover from either or all; the concurring negligence of one is no excuse or defense to another. * * *" (Emphasis supplied) 65 C.J.S. 639, Negligence, sec. 102.

▆▆▆ Under the admittedly complex activity in an operating room it cannot be stated as a matter of law the exact moment at which the responsibility of the surgeon begins. It is not a matter of law when the sole responsibility of the hospital ends and the surgeon's responsibility begins or supersedes it. These are questions of fact for the jury under the particular circumstances of each case. The surgeon cannot arbitrarily fix the time at which his responsibility begins. His actions set the time. The legal responsibility of the surgeon to his patient in a similar case is aptly described by the Supreme Court of Oklahoma in *Aderhold v. Bishop*, 94 Okla. 203, 207, 221 Pac. 752, wherein it is stated:

"The patient is helpless under the influence of anaesthetic and absolutely at the mercy of surgeons performing the operation, and they are charged with the duty to see that no preventable injury results to their patient. Under the modern science of surgery a surgical operation, with modern hospital appointments, is a complex enterprise. Necessarily the various agencies that enter

into it must be performed by different individuals, under the active supervision and direction of the operating surgeons in charge. If the operating surgeons were not made liable for the negligent performance of the duties of those working under them, the law in a large measure would fail in affording a means of redress for preventable injuries sustained from surgical operations."

See also *Ybarra v. Spangard*, 25 Cal. (2d) 486, 154 P. (2d) 687. Thus the point at which the surgeon assumes supervision and direction in the operating room is the crux of the problem, not the time when he begins to operate on the patient. We point out that Dr. Beadles' liability in this action is not predicated upon lack of professional skill.

Under the particular facts in the instant case, the jury was justified in determining that Dr. Beadles had entered the operating room and had assumed command and responsibility by giving direct orders concerning the placing of the patient in position on the operating table, even though he was not actually at the side of the patient at that moment ready to make the first incision. The jury was justified in finding that it was negligence on the part of the surgeon to order the attendant to do anything which might take him away from the physical person of the patient without first assuring that someone was at hand to attend and hold the patient. In that connection the court gave Instruction No. 24, which defendant Beadles cites as erroneous, as follows:

"You are instructed that in the operating room the surgeon is master, and has exclusive control over the acts of the orderly and nurse, and is responsible for the negligence, if any, of the orderly or nurse, during the time the patient is being prepared for the operation in the operating room in accordance with the instructions of the surgeon, and in the presence of the surgeon."

Under the particular facts of this case, the giving of this instruction was not error. We can perceive some

situations to which the instruction would not apply as a general proposition of law. But the court was instructing the jury with this particular state of facts in mind. The personal presence of the physician and the actions of the orderly in response to the directions of the surgeon limits the instruction to this particular case and was not prejudicial. Plaintiff assigns error in the giving of Instructions Nos. 17, 18, 19 and 21. In view of the verdict against Dr. Beadles, these instructions were not prejudicial to plaintiff. As to Dr. Bowles, under the instructions and the evidence, the jury could find that the anesthetist was not required to give personal attention to the safety of the patient since she was charged with the responsibility of chart and record keeping. Apparently the jury did so find.

We adhere to the conclusion announced in the original opinion, but because that opinion has been modified so as to limit our decision to the particular facts of this case, the original opinion is withdrawn.

The judgments are affirmed.