No. 18,604.

DOROTHY SNEDDEN *v.* HARLEY EUGENE SUMMER.
(330 P. [2d] 530)

Decided October 14, 1958.

Mr. SAM T. TAYLOR, for plaintiff in error.

Messrs. PHELPS, FONDA & HAYS, for defendant in error.

*En Banc.*

MR. JUSTICE KNAUSS. delivered the opinion of the Court.

THE parties are here in the same order in which they appeared in the trial court. We will refer to them as plaintiff and defendant, or by name.

Plaintiff filed her complaint claiming damages for personal injuries occasioned by the alleged negligence of defendant. She alleged that defendant drove his automobile carelessly, negligently and recklessly into an automobile owned by a third party which plaintiff was driving. Defendant answered denying negligence and among other defenses alleged that the accident was the result of a sudden emergency created by the intervening negligence of another person not a party to the action.

At the conclusion of all the evidence plaintiff's counsel moved for a directed verdict in favor of plaintiff on the question of defendant's negligence and that the sole matter to be submitted to the jury be the amount of damages, if any, to which plaintiff was entitled. This motion was overruled and the case submitted to the jury on all issues. A verdict in favor of defendant was returned, and from the judgment entered thereon plaintiff is here on writ of error.

The accident occurred on a straight paved highway several miles east of Beulah, Colorado. Both plaintiff and defendant were traveling east. It was admitted that defendant's automobile traveled a distance of 133 feet from the point where his brakes were applied to the point where he left the pavement and entered the barrow pit; traveled a distance of 114 feet in the barrow pit, then onto the pavement again for a distance of 92 feet where he struck the left side of the car which plaintiff was driving; that plaintiff was in her proper lane of the highway; that after defendant crashed into her car he traversed the left side of the road; went off at an angle of some forty degrees on the left side of the road for an additional 90 feet before coming to a stop.

Defendant testified that he and his companion had attended a dance at Beulah on the night in question; that he was driving toward Pueblo at 60 miles per hour (the speed limit on this highway); that when he was some 400 feet from the point of impact he was attempting to pass another automobile, which he said swerved to its left; that he immediately applied his brakes and swerved to the left to avoid a collision with the car he intended to pass; that he crossed the left half of the road, went into the barrow pit to the left side of the highway, traveled some 110 feet therein, came back on the highway traversing the left side thereof at an angle and struck the car which plaintiff was driving; he then veered to the left at an angle of approximately forty degrees and traveled more than 90 feet before coming to a stop. A diagram showing the path of defendant's car was made by the Highway Patrolman and the several measurements given by him. Defendant further testified that he applied his brakes when his car was some 484 feet from the point of impact. The Patrolman testified that the roadway disclosed defendant had applied his brakes for some 133 feet before going into the barrow pit and that there were tire marks indicating that defendant had applied his brakes while the car was in the barrow pit. The pit was some three and one-half feet deep.

Plaintiff was, by the undisputed evidence, driving on her side of the roadway in a careful and prudent manner, and no claim of contributory negligence on her part is asserted.

The Highway Patrolman testified that in his opinion the defendant's automobile was going at least seventy-five miles per hour.

No one connected with the case could identify the third car which defendant said caused the "sudden emergency." It's driver did not appear at the scene of the accident or thereafter.

In *Jacobsen v. McGinness*, 135 Colo. 357, 311 P. (2d) 696 we said regarding an automobile accident:

"The physical facts speak more loudly than words in a situation such as that presented by the record before us. * * * Negligence does not depend on the intentional or conscious action of a party but follows from a failure to exercise that degree of care and prudence which the conditions present demand."

Here only one conclusion can be reached as to the cause of this accident, viz: that defendant was driving his automobile at an excessive rate of speed and failed to "exercise that degree of care and prudence which the conditions present demand." To drive at such speed as to cause his car to skid across the highway with its brakes on, drop down into a barrow pit some three and one-half feet deep, zoom out of the barrow pit and again cross the highway, hit the car plaintiff was driving, again traverse the left side of the road at an angle, travel some 90 feet and finally come to a stop upon striking an embankment, is negligence as a matter of law. The undisputed evidence shows that defendant applied his brakes and laid down some 130 feet of skid marks before going into the barrow pit. This is mute but conclusive evidence of the excessive speed he was traveling. Defendant's car traveled some 500 feet before stopping, all but 100 feet of this distance before plaintiff's automobile was struck. Plaintiff was but an "innocent bystander." Her car was moving along the highway at 40 miles per hour in a place where it had a right to be and going in the same direction as was defendant. Her actions or conduct in no way contributed to the accident. Had defendant been driving within the speed limit with his car under control, it would have been impossible for him to overtake and strike the car driven by plaintiff. Under the facts disclosed by this record, the defendant's claim that he had successfully avoided a collision with a third automobile and that this incident created a sudden emergency justifying his crashing into the car plaintiff was driving, a distance of some 400 feet away, is not convincing. The conclusion is irresistible

that defendant, driving at an excessive speed and not having his car under control was guilty of negligence which was the proximate cause of the accident, for had he been driving within the speed limit he had sufficient distance within which to stop his vehicle before colliding with the car driven by plaintiff.

The facts in the instant case are not in dispute. Defendant's negligence was the proximate cause of the accident. Since no contributory negligence on the part of plaintiff is, or can be, urged, the sole duty devolving on the jury was the ascertainment of plaintiff's damages, if any. The rule here invoked is aptly stated in *Ridenour v. Diffee,* 133 Colo. 467, 297 P. (2d) 280.

It was error for the trial court, under this record, to overrule plaintiff's motion for a directed verdict on the question of negligence and proximate cause. In view of the holding it is unnecessary to consider other matters urged for reversal.

The judgment is reversed and the cause remanded for a new trial upon the question of plaintiff's damages only.