No. 22030.

LUCINDA SHUTT *v.* KAUFMAN'S, INC. AND WOHL SHOE COMPANY.
(438 P.2d 501)

Decided March 4, 1968.

MURRAY, BAKER AND WENDELKEN, GERALD W. BENNETT, for plaintiff in error.

Donald E. LaMora, for defendants in error.

*En Banc.*

Mr. Justice Kelley delivered the opinion of the Court.

The parties appear here in the same order as they appeared in the trial court. Kaufman's, Inc., was a defendant below. At the conclusion of the evidence, the defendants' motion to dismiss was granted by the trial court as to Kaufman's, Inc., and denied as to Wohl Shoe Company. The plaintiff joined in the motion as to Kaufman's, Inc. Although it was designated a defendant in error and its name was carried throughout the error proceedings and on the briefs, Kaufman's is not a proper party in the proceedings here.

Plaintiff's claim is for damages for personal injuries, the result of being struck by a falling object while trying on shoes in the defendant's shoe store. The questions of liability and damages were submitted to a jury which returned a verdict in favor of the defendant. From a denial of her motion for new trial the plaintiff sued out this writ of error.

Plaintiff's grounds for reversal all involve questions arising out of the application of the doctrine of *res ipsa loquitur*. One phase of alleged error relates to either instructions given or tendered and refused, while the second phase involves the failure of the trial court to direct a favorable verdict for the plaintiff as to liability.

In short, the plaintiff, although having convinced the court that the doctrine of *res ipsa loquitur* applied, now objects to the manner in which it was applied. On the other hand, the defendant maintains that under the circumstances of this case the doctrine of *res ipsa loquitur* is not applicable.

The threshold question, therefore, is whether under the circumstances there should have been any instructions given in reference to the doctrine of *res ipsa*

*loquitur.* An examination of prior pronouncements of this court indicates that a careful analysis of the doctrine or rule and the evidence is necessary to determine that question.

Turning for the moment to the physical background in which the accident arose, we find that the defendant occupied a portion of the ground floor of Kaufman's department store which it leased for the retail sale of shoes. The relevant furniture and fixtures consisted of thirty-three customer chairs; a combination formica topped display table with attached shelves (three in number), rising to a total height of some five or six feet; and two identical stands, each having a light metal tripod base, a lucite upright "pole," at the end of which was mounted an adjustable metal grating or platform for the display of a pair of ladies shoes, the overall height of which was about fourteen inches.

Thirty of the customer chairs were lined up against the east and north walls of the shoe department. Near the center of the area the remaining three chairs were faced into the area so that the chairs formed a "U." The display table was situated immediately in back of the three chairs, a distance of a few uncertain inches. The two stands sat on the top shelf of the display table, one near each end, and approximately above the two end chairs. A silk scarf was draped over each stand and a pair of shoes rested on each platform.

The plaintiff entered these premises during the morning hours of the fateful day. At that time there were two employes and another customer in the shoe department.

Upon entering, the plaintiff went to a display table, other than the one above described, and, while inspecting a pair of shoes, the manager, a Mr. Kambanos, approached her, asked if he could be of assistance, and suggested that she sit down. The plaintiff complied, selecting one of the end chairs of the three in the center of the room. Kambanos selected a pair of shoes for plaintiff to

try. In order to examine them, she walked to a nearby mirror and then returned to sit in the same chair. As she sat down the chair apparently bumped the display table with sufficient force to cause the shoe stand immediately above her chair to topple off the shelf and strike the plaintiff on the side of her head, thereby causing the injury of which complaint is made. However, the identical shoe stand at the opposite end of the top shelf did not fall.

It is the plaintiff's contention that the foregoing factual situation required the invocation of the doctrine of *res ipsa loquitur,* relying heavily upon *Chapman v. Redwine,* 149 Colo. 515, 370 P.2d 147; *Weiss v. Axler,* 137 Colo. 544, 328 P.2d 88; *Scott v. Greeley Joslin Store Co., Inc.,* 125 Colo. 367, 243 P.2d 394. On the other hand, the defendant asserts that just the opposite is true. Defendant relied on *Zimmerman v. Franzen,* 121 Colo. 574, 220 P.2d 344, and *Home Public Market v. Newrock,* 111 Colo. 428, 142 P.2d 272.

■ A good statement of the philosophy of the doctrine is found in *Yellow Cab Co. v. Hodgson,* 91 Colo. 365, 14 P.2d 1081, in which this court approved the following text from 45 C. J. 1205:

"* * * The reason or theory of the doctrine of res ipsa loquitur is based in part upon the consideration that, as the management and control of the agency which produced the injury is, under the circumstances to which the doctrine applies, exclusively vested in defendant, plaintiff is not in a position to show the particular circumstances which caused the offending instrumentality to operate to his injury, while defendant, being more favorably situated, possesses the superior knowledge or means of information as to the cause of the accident, and should, therefore, be required to produce the evidence in explanation. Accordingly if the circumstances do not suggest or indicate superior knowledge or opportunity for explanation on the part of the party

charged or if plaintiff himself has equal or superior means of information, the doctrine cannot be invoked."

■ This court, in *Denver Tramway Corporation v. Kuttner,* 95 Colo. 312 35 P.2d 852, cautioned that:

"* * * The * * * doctrine * * * is the creature of stern necessity for the sake of guarding against a miscarriage of justice that in a negligence case might follow because of the mere secrecy or invisibility of danger concerning which the outsider could know nothing. It is a doctrine that must be kept within comparatively narrow limits, lest a desire to promote justice bring about the defeat of justice instead * * *."

■ In considering the applicability of *res ipsa,* some other fundamental rules of law must be integrated into our thinking. We are here concerned with the relationship of a storekeeper and a business visitor. In such relationship the storekeeper owes a duty to one who enters upon the premises at his invitation, express or implied, to protect such visitor not only against known dangers, but also against those which, by the exercise of reasonable care, he might discover. *Drake v. Lerner Shops,* 145 Colo. 1, 357 P.2d 624; *Home Public Market v. Newrock, supra.*

■ In short, although the storekeeper must exercise reasonable care for the safety of the business visitor, he is not an insurer of the safety of such visitor; thus, the mere happening of an accident raises no presumption of negligence, except under those circumstances where the doctrine of *res ipsa loquitur* is applicable.

■ There is no fundamental disagreement between the parties as to the law. The plaintiff would invoke *res ipsa* because she "could not possibly have foreseen that by merely sitting down in a proffered chair in a normal manner she would, in effect, spring a concealed trap resulting in a steel and plastic display rack striking her on the head from behind." We are inclined to agree that she probably could not "have foreseen" the accident. But this is not the *res ipsa* test.

The circumstances here were such that the plaintiff could have shown that the defendant was responsible for her injuries because of its negligence. By way of illustration, it could have been demonstrated, if such were the fact, that the display table was unstable; that it wobbled from a mere touch, and that by placing the shoe display stand on the top shelf, the defendant negligently created a dangerous condition. Or it might have been demonstrated that the tripod-based shoe stand was so unstable that the mere use of it on a shelf high above the head of a customer was likely to topple off from the usual and customary bumps which a display table receives. In other words, the plaintiff had the means available to her to establish negligence on the part of the defendant, if any there was. As we pointed out above, the storekeeper is not an insurer.

■ Under the circumstances of this case, the court erred in submitting any instruction on *res ipsa loquitur*. Holding as we do, it is not necessary to discuss the correctness of either of the given or the tendered instructions.

■ No questions have been raised as to the other instructions which the court gave. It appears that, except for the improper *res ipsa* instruction, the instructions given fairly presented the issues of negligence and contributory negligence. Consequently, the plaintiff, by virtue of the improper instruction, had an unfair advantage, but, even so, failed to prevail. The defendant having won, despite the improper instruction, has therefor not been prejudiced.

The judgment of the trial court is affirmed.