## No. 22387.

RUDOLPH GOMEZ, A MINOR, BY HIS FATHER AND NEXT FRIEND, JOE V. GOMEZ; DIANE GOMEZ, A MINOR, BY HER FATHER AND NEXT FRIEND, JOE V. GOMEZ; AND JOE V. GOMEZ, INDIVIDUALLY *v.* MARVIN C. MILLER.

(459 P.2d 126)

Decided September 29, 1969.

L<small>EVI</small> M<small>ARTINEZ</small>, for plaintiffs in error.

H. M<small>YERS</small> B<small>UMGARDNER</small>, C<small>HARLES</small> D. P<small>IERCE</small>, for defendant in error.

*In Department.*

Opinion by M<small>R</small>. C<small>HIEF</small> J<small>USTICE</small> M<small>C</small>W<small>ILLIAMS</small>.

J<small>OE</small> V. G<small>OMEZ</small>, for himself as well as on behalf of his two minor children, Rudolph and Diane, brought an action against Marvin C. Miller for damages allegedly suffered as a result of Miller's negligence. Trial by jury culminated in a verdict and judgment in favor of Miller, and by this writ of error Gomez seeks reversal of the judgment thus entered.

The litigation stems from a rear-end collision which occurred in an intersection in Pueblo on a snowy day and on an icy and slippery street between an automobile

driven by Gomez and a truck driven by Miller. The evidence as to just how the collision occurred was not in great dispute, though Gomez' version did differ at least somewhat from that of Miller's. In any event, Gomez, with his two children as passengers, had been proceeding on Santa Fe Avenue in Pueblo with Miller immediately following him for some considerable distance. As the Gomez-driven automobile and the Miller-driven truck proceeded along Santa Fe Avenue there was frequent stopping due to traffic congestion caused by the snowy condition and the extremely slippery streets. Miller had been following Gomez at a distance of about eight feet all the way up the avenue. Both vehicles stopped in the 400 block on Santa Fe Avenue because of traffic congestion. On a flashing yellow traffic signal light Gomez then started forward into the intersection with Miller thereafter proceeding to again follow the Gomez vehicle at a distance of about eight feet in second gear at a speed of about six miles per hour. The respective vehicles had moved only a very short distance when Gomez suddenly stopped his vehicle because of gathering traffic congestion immediately ahead of him. It was in this setting that Miller suddenly applied his brakes but was unable to stop. As a result, the truck slid into the rear-end of the Gomez vehicle and inflicted a $35 gash in the trunk lid of the Gomez car.

Based on this incident Gomez made claim against Miller for damages in a total sum of $112,480.10 but, as indicated, the jury returned a verdict in favor of Miller.

The principal contention of Gomez, as we view it, is that the trial court erred in refusing to direct a verdict in his favor on the issue of liability and that the trial court later erred when it refused to grant a motion for a new trial on the issue of damages only. Hence, the issue now to be resolved by us is whether this is a situation where Gomez, the plaintiff, was entitled to a directed verdict on the issue of liability. We hold that he was not.

Whether Miller under the circumstances was guilty of

negligence posed a controverted issue of fact to be resolved by the jury; it did not pose an issue of law to be determined by the trial court. It is by now almost trite, but nonetheless still quite true, that it is only in the clearest of cases, where not only the facts are undisputed but reasonable minds could draw but one conclusion from them, that the question of just what constitutes reasonable care is ever one of law to be decided by the court. *Lasnetske v. Parres*, 148 Colo. 71, 365 P.2d 250. Certainly reasonable minds could differ as to whether Miller under the circumstances which have been briefly summarized above was or was not guilty of negligence. The instant case is readily distinguishable from *Moseley v. Lamirato*, 149 Colo. 440, 370 P.2d 450, relied on heavily by counsel for Gomez, and the facts and circumstances leading up to the particular collision with which we are here concerned are really more comparable to those in *Rice v. Groat*, 167 Colo. 554, 449 P.2d 355. See also *Intermill v. Heumesser*, 154 Colo. 496, 391 P.2d 684.

.. In view of our determination that the issue of Miller's negligence, if any, was properly submitted to the jury, the alleged error relating to the damage phase of the case is rendered moot. Parenthetically we would note, however, that we find no error in this regard.

 In our view Gomez' contention that a new trial should have been granted because of alleged misconduct of a juror is without merit. The instant case is not governed by *Butters v. Dee Wann*, 147 Colo. 352, 363, P.2d 494. Similarly, the argument that a new trial should have been granted because of newly discovered evidence is unavailing. This is a matter that lay within the sound discretion of the trial court and we find no abuse of that discretion. See *Buchanan v. Brandt*, 168 Colo. 138, 450 P.2d 324.

The judgment is affirmed.

MR. JUSTICE PRINGLE, MR. JUSTICE KELLEY and MR. JUSTICE LEE concur.