No. 22382.

MARY L. MILLER *v.* MARVIN D. DEWEY.

(462 P.2d 485)

Decided December 22, 1969.    Rehearing denied January 12, 1970.

GEORGE T. ASHEN, for plaintiff in error.

BURNETT, WATSON & HORAN, MYRON H. BURNETT, EDWARD R. GLEASON, for defendant in error.

*In Department.*

Opinion by MR. CHIEF JUSTICE McWILLIAMS.

THIS controversy arises out of a two-car, rear-end collision which occurred on the Valley Highway in Denver near 8th Avenue. Mary L. Miller, hereinafter referred to as the plaintiff, was the driver of the lead car and her vehicle was struck in the rear by a pickup truck driven by one Marvin D. Dewey, the latter hereinafter being referred to as the defendant. Trial by jury of this

matter initially resulted in a hung jury. A second trial culminated in a verdict in favor of the defendant, and by this writ of error the plaintiff now seeks a reversal of the judgment entered on the aforesaid verdict.

It was plaintiff's theory of the case — and she offered evidence to support it — that she stopped on the Valley Highway because the line of traffic immediately ahead of her had also stopped for general traffic congestion. The plaintiff testified that she had no difficulty in stopping her vehicle, though the roadway was damp and a bit slippery. She also testified that because of the weather conditions she was driving with her headlights on. While thus stopped, according to the plaintiff, her vehicle was struck in the rear by the pickup driven by the defendant.

The gist of the defendant's explanation — which was corroborated to some degree by a fellow employee of the defendant who was following in another vehicle — as to why his pickup struck the rear-end of the plaintiff's vehicle was that as he was following the plaintiff northward on the Valley Highway at a speed of 45 miles per hour and at a distance of a good three and one-half car lengths he noticed "all of a sudden" that plaintiff had stopped, and that though he then immediately applied his brakes he could not avoid colliding with her car. The defendant testified that he did not observe any signal of any kind to indicate that the plaintiff was about to stop. He further testified that because of his somewhat elevated position in the cab of the pickup truck he particularly noticed that there were no cars immediately ahead of the plaintiff which would have compelled her to stop, and that indeed there was no traffic ahead of her in her particular lane of travel for over a quarter of a mile. In this general connection it was undisputed that plaintiff's car sustained only rear-end damage and that her vehicle had not in any manner been damaged on its front end. Plaintiff's explanation of why she had not been propelled forward by the impact into the car ahead of her was that the line of traffic immediately ahead of her had "ap-

parently started up" and had moved forward before the impact.

Also, both the plaintiff and the defendant were aware of the fact there had been an accident which had just occurred on the southbound Valley Highway. In this regard the defendant testified that after he became aware that plaintiff had stopped her vehicle he noticed that she had turned her head and was looking over her shoulder at the aftermath of the aforesaid accident. And this, then, is the state of the record as to how the accident occurred.

The principal argument made in this Court is that the trial court erred in denying plaintiff's motion for a directed verdict in her favor on the issue of liability. It is asserted that the defendant's explanation of how and why he ran into the rear-end of plaintiff's vehicle is so "inherently incredible" it should have been disregarded by the trial court and that a verdict in favor of the plaintiff should have been ordered by the court. In support of her "inherently incredible" argument, plaintiff relies strongly upon *Chapman v. Redwine,* 149 Colo. 515, 370 P.2d 147. The *Chapman* case involved an exploding bottle and for many reasons we do not deem it to be dispositive of the present controversy. See *Cherrie v. Bonhams' Dry Cleaning & Laundry,* 170 Colo. 91, 459 P.2d 130, where this "inherently incredible" argument was considered by us — and rejected — in a rear-end automobile collision.

Certainly the credibility of witnesses is a matter customarily to be determined by the trier of the facts and once determined is not thereafter to be overturned by a reviewing court. Our study of the record leads us to conclude that the related issues of negligence, proximate cause and contributory negligence were disputed issues of fact properly to be resolved by the jury — and not by the trial court. See *Gomez v. Miller,* 170 Colo. 106, 459 P.2d 126. This then is not a situation where the trial court would have been justified in directing a verdict in favor of the plaintiff on the issue of liability and hence

464

the trial court did not err in denying plaintiff's motion requesting the same.

■■ Plaintiff also assigns as error the giving of certain instructions to the jury. Specifically, it is argued that the so-called carrying instruction is erroneous for the reason that it instructs the jury that if it be determined that the plaintiff is "contributorily negligent," their verdict should be for the defendant, and that instruction fails to further advise the jury that such negligence must also be a proximate cause of the accident and plaintiff's damage resulting therefrom. It should be noted that another instruction defining contributory negligence did include the matter of proximate cause. We therefore regard this as an illustration of the rule that no one instruction contains all the law of the case and that all instructions must be read and considered as a whole.

■ More generally, as concerns the matter of instructions, in her motion for new trial plaintiff alleged error on the part of the trial court as concerns each and every one of the twenty-four instructions given the jury. Without going into a detailed discussion, our review of the instructions leads us to conclude that though there may perhaps be some degree of repetition contained therein, still when considered in their entirety there is nothing that would require a reversal of the judgment and a third trial of this matter. We do not deem the instructions, when read as a whole, to be such as would probably have lead the jury into error. *Mendez v. Pavich,* 159 Colo. 409, 412 P.2d 223.

The judgment is affirmed.

MR. JUSTICE PRINGLE, MR. JUSTICE KELLEY and MR. JUSTICE LEE concur.