## No. 18,579.

Hazel J. Gray *v.* W. C. Turner, et al.

(350 P. [2d] 1043)

Decided April 4, 1960.   Rehearing denied April 25, 1960.

Mr. ROBERT SUNSHINE, Mr. H. D. REED, Mr. V. G. SEAVEY, JR., for plaintiff in error.

Messrs. SHELDON & NORDMARK, Mr. PAUL C. BROWN, for defendants in error.

*In Department.*

Opinion by MR. JUSTICE MOORE.

THE parties will be referred to as they appeared in the trial court, where plaintiff in error was plaintiff and defendants in error were defendants.

The action was initiated in the Denver District Court by the filing of a complaint wherein it was alleged, inter alia, that the defendants, W. C. Turner, Evelyn Turner, George F. Carter and Edna V. Carter, were doing business as a partnership under the name of Colburn Hotel, which business was operated in the improvements upon real estate owned by the defendants, W. C. Turner, Mattie Turner and E. L. Carter; that on or about the 15th day of February, 1956, the defendants had negligently allowed ice and snow to accumulate on the defendants' driveway and sidewalk in front of the hotel, which thoroughfare was constantly used by the guests, residents, customers and business invitees of the defendants, and which hazardous condition caused the plaintiff, who had emerged from the hotel after visiting a resident thereof, to fall and suffer the serious, painful and permanent injuries therein complained of, for which she claimed damages in the amount of $25,000.00 plus incurred expenses in the sum of $1,500.00.

Subsequent to motions filed and withdrawn, the issues were joined by the answer of the defendants wherein ownership of the hotel and the premises, as described, as admitted, the fall of plaintiff admitted, but the negligence of the defendants and injuries suffered by the plaintiff denied. Affirmative allegations of plaintiff's

negligence, contributory negligence and unavoidable accident were set forth.

A jury was selected to try the cause.

At the conclusion of the evidence offered on behalf of the plaintiff, counsel for the defendants moved for a directed verdict. This motion was granted and judgment entered in favor of the defendants. Plaintiff brings the cause here on writ of error.

We have read the record before us and conclude that the trial court erred in granting motion for a directed verdict.

We think the following language quoted from *Swanson v. Martin,* 120 Colo. 361, 209 P. (2d) 917, is applicable in the instant case:

"It is only in the clearest of cases, when the facts are undisputed *and it is plain that all intelligent men can draw but one inference from them,* that the question is ever one for the court." (Emphasis supplied.)

In the instant case there was evidence upon all controlling questions from which different inferences might be drawn by men of integrity and intelligence. Under such circumstances the jury should be permitted to draw their own inferences from the evidence.

The judgment is reversed and the cause remanded for further proceedings consistent with this opinion.

Mr. Justice Frantz and Mr. Justice Doyle concur.