No. 19,389.

GILBERT GONZALES, ET AL. *v.* SAFEWAY STORES, INCORPORATED.
(363 P. [2d] 667)

Decided July 24, 1961.

Mr. WALTER L. GERASH, for plaintiffs in error.

Messrs. WELLER, FRIEDRICH and HICKISCH, Mr. WILLIAM H. HAZLITT, for defendant in error.

*In Department.*

Opinion by MR. CHIEF JUSTICE HALL.

PLAINTIFFS are husband and wife; we refer to them as Gilbert and Nancy. They brought this action against Safeway Stores, Incorporated, to recover judgments for loss of earnings, pain, suffering and expenses suffered by them by reason of defendant's sale to them of food allegedly unfit for human consumption.

The evidence disclosed that on February 22, 1958, and for sometime prior thereto, Gilbert was afflicted with a duodenal ulcer and was on a prescribed restricted diet, and Nancy was pregnant. Nancy, on said date, purchased groceries at one of defendant's stores, one item of which was a can of peas on the label of which was the following: "A Safeway Guaranteed Product" SAFEWAY STORES, INCORPORATED, DISTRIBUTOR, HEAD OFFICE: OAKLAND, CALIFORNIA.

Nancy, in preparing dinner on February 22, 1958, opened the can of peas, poured them into a clean sauce

pan, warmed them and served them to Gilbert and her self on clean plates, each of which had on it a small piece of steak and a baked potato. Gilbert ate two spoonfuls of his peas, and when about to eat a third discovered a "bug." Nancy positively testified that "It [the bug] came from the peas." She further testified that her apartment was free of bugs or vermin.

As a result of the incident just related, Gilbert alleges that he became violently ill, suffered nausea, vomiting and diarrhea lasting three days, and suffered an exacerbation of a prior existing duodenal ulcer, causing great pain and suffering, loss of earnings and expense of doctors and medicine, for which he seeks judgment.

Nancy alleges that, as a result of the "bug" incident, she suffered nausea and vomiting, and great pain and suffering, both physical and mental, for which she seeks judgment.

Both Gilbert and Nancy, in their separate claims, allege that the sale of said can of peas, unfit for human consumption, violated defendant's implied and express warranty.

At the conclusion of plaintiffs' case defendant moved to dismiss, urging as the principal reason therefor the fact that the plaintiffs had failed to prove that the "bug" came from the can of peas. The court, after listening to arguments of counsel, granted defendant's motion and, in so doing, stated, among other reasons for so doing, the following:

"* * * the evidence here is as consistent with the premise on the one hand that the foreign object was in the can when it left the Safeway stores as it is with another premise, namely, that through inadvertence the object got in while the food was being prepared in the family kitchen.

\* \* \*

"I am frank to confess as I do candidly with counsel, that this is a matter undoubtedly upon which reasonable minds could differ. * * * "

" * * * I am honestly convinced that this is a case of equal probabilities, and one guess is as good as the other, and there are not circumstances which would justify the jury in selecting one over the other. I am granting the motion. * * * I am dispensing with a motion for a new trial."

It is elementary that one who sells an article for use as food for human consumption is held in law to have impliedly warranted that it is fit for the purpose for which it was sold, and for breach of that warranty proximately resulting in injury may be held to respond in damages. *Ward v. Morehead City Seafood Co.*, 171 N. C. 33, 76 S. E. 958; *Davis Adm'r. v. Radford*, 233 N. C. 283, 63 S. E. (2d) 822, 24 A. L. R. 906. See, also, 5 A. L. R. 248; 90 A. L. R. 1269, and 142 A. L. R. 1434.

C. R. S. '53, 121-1-15, provides in subsection (2):

"Where the goods are bought by description from a seller who deals in goods of that description, whether he be the grower or manufacturer or not, there is an implied warranty that the goods shall be of merchantable quality."

In *Huscher v. Pfost*, 122 Colo. 301, 221 P. (2d) 931, it was held that where plaintiff purchased antifreeze, relying on a blind advertisement of defendant, there was an implied warranty of fitness for use under subsection (2) above referred to.

Aside from the statute, we recognize the general rule to be that a retailer who sells unwholesome food for human consumption is liable to the customer for the consequences under an implied warranty imposed by law as a matter of public policy, even though the food is in sealed containers bearing the label of the manufacturer and the retailer has no means of knowing that the contents are unfit for human consumption. *Griggs Canning Co. v. Josey*, 139 Tex. 623, 164 S. W. (2d) 835, 142 A. L. R. 1424.

The statement of the trial judge that "this is a case of equal probabilities" is not consonant with the undis-

puted evidence disclosed by the record. The testimony of Nancy negates any reasonable probability of the bug coming from any place other than the can of peas and her testimony on the positive side was to the effect that, "It [the bug] came from the peas."

The further statement of the trial judge that:

"I am frank to confess as I do candidly with counsel, that this is a matter undoubtedly upon which reasonable minds could differ * * * " indicates that the motion for a directed verdict should have been denied.

 When the evidence concerning a material fact is such that reasonable minds could differ with reference thereto, the same should be submitted to the jury for its determination. The trial court's refusal to submit the matter to the jury was error calling for reversal.

In *Nettrour v. J. C. Penney Co.*, 146 Colo. 150, 360 P. (2d) 964, this court said:

"In passing upon a motion for a directed verdict the trial court *must* view the evidence in the light most favorable to the party against whom the motion is directed. Every reasonable inference to be drawn from the evidence presented is to be considered in the light most favorable to such party. A motion for directed verdict can only be granted where the evidence, when so considered, compels the conclusion that the minds of reasonable men could not be in disagreement and that no evidence, or legitimate inference arising therefrom, has been received or shown upon which a jury's verdict against the moving party could be sustained. Brent v. Bank of Aurora, 132 Colo. 577, 291 P. 2d 391; Gray v. Turner, 142 Colo. 340, 350 P. 2d 1043." (Emphasis supplied.) See, also, *Swanson v. McQuown*, 139 Colo. 442, 340 P. (2d) 1063.

The judgment is reversed and the caused remanded to the trial court for further proceedings consistent with the views herein expressed.

MR. JUSTICE MOORE and MR. JUSTICE DOYLE concur.