Opinion by
Mr. Justice Moore.
Plaintiff in error, to whom we will refer as plaintiff, is before this court on writ of error directed to a judgment entered by the district court of the City and County of Denver upon a verdict in favor of the defendant in error who will be referred to as the defendant.
*568 Plaintiff alleged in her complaint that she suffered serious and permanent injuries as the result of a fall upon premises of the defendant where she had gone to purchase a- storage battery for her motor vehicle. The accident occurred on the evening of August 31, 1960, and plaintiff alleged that it was the result of catching the heel of her shoe in one of several holes in the asphalt surface of the filling station operated by defendant; said holes were caused by the use of “wheel balancing equipment” used in making adjustments to the wheels on cars which his customers brought to the station for service. Plaintiff alleged that defendant was negligent in the maintenance, management, and operation of the station in this particular, as a result of which she sustained the injuries of which she complained.
Defendant by answer denied the negligence attributed to him and affirmatively alleged that any injuries sustained by plaintiff were caused by her own negligence or were occasioned by an unavoidable accident.
At the conclusion of the evidence plaintiff and defendant in their respective turns moved the court for a directed verdict. The position of plaintiff was that uncontradicted evidence established as a matter of law that the defendant was guilty of negligence and that plaintiff was free of contributory negligence. Defendant grounded his motion for directed verdict on the contention that as a matter of law the small holes or indentations in the surfacing material were obvious and that failure of the plaintiff to avoid them amounted to contributory negligence on her part. Said motions were -denied. The issues were submitted to a jury which returned a verdict in favor of defendant, and judgment entered on the verdict.
No question is raised concerning the admissibility of any evidence; no objection was made to the correctness of any instruction as being a proper statement of the law covered therein; and no objection was made to the failure of the trial court to give any tendered *569 instruction. Plaintiff argues only that the evidence conclusively shows the negligence of the defendant and that she was free from contributory negligence. We have read .the full record consisting of 627 folios and are satisfied that the court properly submitted the issues to the jury for determination.
In Swanson v. Martin, 120 Colo. 361, 209 P. (2d) 917, we approved the following quotation from the opinion in Phillips, et al., v. Denver City Tramway Co., 53 Colo. 458, 128 Pac. 460:
“The question whether such contributory negligence has been proven is usually one for the jury. Under all the authorities, it is only in the clearest of cases, when the facts are undisputed and it is plain that all intelligent men can draw but one inference from them, that the question is ever one of law for the court.”
In Gray v. Turner, 142 Colo. 340, 350 P. (2d) 1043, there was a factual situation somewhat comparable to that shown by the instant record. The trial court directed a verdict in favor of the defendant. In reversing the judgment this court said:
“In the instant case there was evidence upon all controlling questions from which different inferences might be drawn by men of integrity and intelligence. Under such circumstances the jury should be permitted to draw their own inferences from the evidence.”
In the instant case the court would have committed error requiring a reversal if either of the motions for directed verdict had been granted. On the issue of negligence on the part of the defendant, as well as contributory negligence of the plaintiff, a question was presented requiring determination by the jury.
The judgment is affirmed.
Mr. Chief Justice Frantz and Mr. Justice Pringle concur.