· No. 22509.

ALFRED CHERRIE *v.* BONHAMS' DRY CLEANING AND LAUNDRY, A COLORADO CORPORATION; AND JAMES J. JOBE, III.
(459 P.2d 130)

Decided September 29, 1969.

92

GEORGE T. ASHEN, for plaintiff in error.

SHELDON AND NORDMARK, DANIEL H. POLSBY, for defendants in error.

*In Department.*

Opinion by MR. JUSTICE HODGES.

PLAINTIFF in error, Cherrie, sought damages from the defendants in error for personal injuries allegedly caused when his automobile was struck from the rear by a delivery van owned by the first defendant in error and driven by its employee, the second defendant in error. Negligence on the part of the defendant driver was denied, and it was further alleged by defendants that the plaintiff's injuries were proximately caused by a third party. After trial to a jury, a verdict was returned in favor of the defendants. From this verdict and the court's judgment thereon, the plaintiff has prosecuted this writ of error.

The plaintiff's assignments of error are without merit, and accordingly, we affirm the judgment of the trial court.

The facts as they were developed at the trial court reveal a typical "rear end" type of accident. The plaintiff testified that he was at a stop in a left turn lane near an intersection in Denver when the defendant's vehicle struck him from the rear. The impact caused personal injuries of the "whiplash" variety to the plaintiff according to his testimony. The defendant driver testified that the lightweight van he was driving did, in fact, strike the rear of the plaintiff's vehicle, but that a third vehicle had struck the delivery van from the rear, and that the force of this impact drove the delivery van into the rear of the plaintiff's car. According to the defendant driver, the third vehicle promptly left the scene of the accident.

The plaintiff testified that he was shaken up somewhat after the impact and remained seated in his vehicle for a short time. When he got out, he testified there was no third vehicle on the scene. The police were not called, and the only testimony relating to the occurrence of the accident was presented by the plaintiff and the defendant driver. Their testimony differed with respect to their statements to each other at the accident scene, and also, with regard to the implication and existence of a third vehicle. Pictures of the two vehicles were presented in evidence. They showed slight damage to the rear bumper of the plaintiff's auto, and to the front and rear of the defendants' vehicle.

## I.

██ Plaintiff contends that the trial court committed prejudical error when it refused to grant his motion for a directed verdict on the issue of liability. He bases this contention on the assertion that the defendant driver's testimony about another vehicle striking him from the rear and thus, forcing his vehicle into the rear of plaintiff's automobile, was so incredible that reasonable men could not differ on the question of liability in favor of the plaintiff. Plaintiff argues that on cross-examination, the defendant driver contradicted himself in several respects and that this would cause a strong doubt about the credibility of his testimony. On this premise, the plaintiff maintains that the trial court should have, as a matter of law, completely disregarded defendant driver's testimony about the implication of a third vehicle. We do not agree.

██ The so-called contradiction in the defendant driver's testimony as we note it from the record, does not even approximately reach the point where all his testimony on the crucial issue could be characterized as so incredible as to be subject only to disbelief in the minds of reasonable men. As we view the defendant driver's testimony under the facts and evidence of this case, it was, at most, confused as to certain points but

was not incredible as the plaintiff maintains. Obviously, the defendant driver's testimony was believed by the jury, which, as the fact finder, is the sole judge of the credibility of witnesses. The credibility of a witness and the weight to be given to his testimony is the sole prerogative of the fact finder, which in this case, was the jury. *Edwards v. Quackenbush,* 112 Colo. 337, 149 P.2d 809.

On numerous occasions and most recently in *McGlasson v. Barger,* 163 Colo. 438, 431 P.2d 778, we have stated the rule in this jurisdiction to be:

"When a motion for a directed verdict is made, the trial court must view the evidence in a light most favorable to the party against whom the motion is directed. Every reasonable inference to be drawn from the evidence presented is to be considered in a light most favorable to such party. A motion for a directed verdict can only be granted where the evidence, when so considered, compels the conclusion that the minds of reasonable men could not be in disagreement and that no evidence, or legitimate inference arising therefrom, has been presented upon which a jury's verdict against the moving party could be sustained."

See also *Nettrour v. J. C. Penney,* 146 Colo. 150, 360 P.2d 964 and *Gonzales v. Safeway Stores, Inc.,* 147 Colo. 358, 363 P.2d 667. In the *Gonzales* case, we held:

"When the evidence concerning a material fact is such that reasonable minds could differ with reference thereto, the same should be submitted to the jury for its determination."

Under the record here, the trial court properly denied the plaintiff's motion for a directed verdict on the issue of liability.

## II.

The plaintiff assigns error in the giving of Instruction No. 7:

"You are instructed that if you find that the accident herein was proximately caused by the negligence of some

person or persons other than the defendants herein, your verdict shall be for the defendants herein and against the plaintiff."

At the trial, the plaintiff objected to this instruction on the ground " ... that there is no evidence in the record on which an individual can reasonably come to the conclusion that a third party was in the lane." The plaintiff now contends the instruction misled the jury into believing there could not be concurrent negligence and that there could be only one proximate cause for an accident.

If plaintiff thought there was concurrent negligence and more than one proximate cause, he could, and should have, offered instructions on this theory of the case. Instead, he chose to rest solely on his contention that defendants were solely responsible for the accident and that no third party was involved. Since plaintiff did not offer instructions on concurrent negligence and concurrent or multiple proximate causes, we do not think he can now complain of the absence of such instructions or contend that Instruction No. 7 was erroneous or prejudicial.

### III.

The plaintiff claims that the court erred in giving Instruction No. 9. Since the jury found in favor of the defendant on the issue of liability, it would have had no opportunity to apply Instruction No. 9, which deals only with a rule of law pertaining to the ascertainment of a plaintiff's damages when a defendant is found to be liable.

Judgment affirmed.

MR. CHIEF JUSTICE MCWILLIAMS, MR. JUSTICE PRINGLE and MR. JUSTICE LEE concur.