## MARSH v. CRAMER.

| 16 | 331 |
| 17 | 199 |
| 17 | 374 |
| 16 | 331 |
| 18 | 63 |
| 16 | 331 |
| 20 | 120 |
| 4a | 148 |
| 16 | 331 |
| s5a | 306 |

1. FRAUDULENT INTENT IN JURY TRIALS.— Questions of fraudulent intent are generally questions for the jury.
2. FRAUD — HOW ESTABLISHED.— Fraud must be proved, and is never to be presumed; but a resort to presumptive evidence may be had to establish it. Lest, however, juries should indulge in presumptions of fraud from insufficient facts or circumstances, appropriate instructions, if requested, should be given by the court.
3. INSTRUCTIONS TO JURIES.— The trial court may exercise a sound discretion as to the form and style in which instructions shall be given to the jury; and such discretion should be exercised with a view to promote substantial justice between the parties. It is error to refuse a request to charge, correct in legal effect, and clearly applicable to a material question of fact in controversy, unless the same be otherwise given in substance. Instructions to juries should, as far as practicable, be given in plain language; in concrete, rather than abstract, terms; in direct form, rather than by way of inference.

*Error to Superior Court of Denver.*

FROM the record it appears that one Brasher was engaged in business as a liquor merchant in the city of Denver prior to the commencement of this action in the court below, and that certain of his goods were stored with Graham, Weber & Hill, warehouseman. Brasher assigned the warehouse receipts to Marsh, plaintiff in error, to secure certain alleged indebtedness in favor of one Mrs. Howard and one Mrs. Smith, respectively. The trustee accepted the security; and the warehousemen, having notice of the assignment, consented to hold the goods accordingly.

While Brasher's affairs were in this condition, the Kentucky Distilling Company, claiming an indebtedness against Brasher, commenced suit against him, and attached the goods thus stored. Thereupon Marsh, as trustee, commenced this action against Cramer, the sheriff making the levy, to recover the value of the goods thus attached. The sheriff defended the action, justifying the seizure under legal process in favor of the distilling company on the ground that the assignment by Brasher to Marsh of the

warehouse receipts was fraudulent, etc. The cause was tried to a jury, and verdict and judgment were rendered for defendant. The plaintiff brings the case to this court by writ of error.

Mr. ORLANDO C. MARSH, for plaintiff in error.

Messrs. WOLCOTT & VAILE, for defendant in error.

MR. JUSTICE ELLIOTT delivered the opinion of the court.

In one of the defenses the fraud specially pleaded was to the effect that the assignment was not accompanied by an immediate delivery of the goods and chattels attached, and that said assignment was not followed by an actual and continued change of possession of said goods, but that Brasher continued in control of the goods, making sales of the same, etc. This defense was traversed by the replication.

On the trial it was shown by the evidence that Brasher had something to do with making certain sales from the goods stored in the warehouse. It thus became a material question for the jury to determine whether Brasher, in the making of such sales, was acting in his own behalf and for his own interest, or whether he was acting solely as the agent of Marsh for the purpose of having the proceeds of the goods applied upon the indebtedness against him held by Marsh as trustee for Mrs. Howard and Mrs. Smith.

The court, in its charge to the jury, specified certain circumstances under which the assignment might be upheld, as well as certain other circumstances under which the assignment should be deemed fraudulent. Plaintiff's counsel thereupon requested the court to charge the jury to the effect that if they should find, as matter of fact, that the assignment of the warehouse receipts to Marsh was made in good faith, as explained in the charge, then the fact that Marsh may have employed Brasher thereafter to procure purchasers of this property, or any part of it, would not

defeat a recovery by plaintiff in this case, if the proceeds of such sales were for the benefit of Mrs. Smith or Mrs. Howard.

The instruction thus requested was clearly pertinent to a material matter in controversy under the issues and evidence, and stated the law applicable thereto with substantial accuracy. There was an additional clause to such instruction, not stated above, which, considered alone, might perhaps be understood as indicating a conclusion by the court upon a controverted question of fact; but such clause, taken in connection with the language of the instruction immediately preceding it, could not have misled the jury. The instruction, as a whole, was not subject to fair legal criticism. *Cook v. Mann*, 6 Colo. 23; *Wilcox v. Jackson*, 7 Colo. 524.

The verdict of the jury may have been controlled by the circumstance that Brasher did negotiate certain sales of the stored goods after the assignment of the warehouse receipts to Marsh. Hence the plaintiff was entitled to have the jury instructed as to the circumstances and conditions under which Brasher might properly negotiate such sales without invalidating the assignment. Without such instruction the jury might draw a conclusive inference of fraud from the mere fact of his being permitted to take any part whatever in the sale of said goods.

Other requests to charge as prayed by plaintiff, and refused, need not be discussed. The foregoing instruction relating to sales negotiated by Brasher was not embraced in the charge of the court, either in form or substance. The refusal to give the same was duly excepted to, and error is assigned thereon in this proceeding.

It is the province of the trial court to exercise a sound discretion as to the form and style in which any proposition of law applicable to the issues under the evidence shall be stated to the jury, and such discretion should be exercised with a view to promote substantial justice between the parties; but it is error to refuse a request to charge

which is correct in legal effect, and clearly applicable to a material question of fact in controversy, unless the same be otherwise given in substance. When a proper instruction is duly requested in reference to a material controverted matter, the jury should not be left without judicial guidance as to the law governing such subject. Instructions to juries should, as far as practicable, be given in plain language; in concrete, rather than abstract, terms; and in direct form, rather than by way of inference. *Sutton v. Dana*, 15 Colo. 98; *Payne v. Green*, 10 Smedes & M. 513; *State v. Dunlop*, 65 N. C. 288; *Improvement Co. v. Stead*, 95 U. S. 166; Thomp. Trials, § 2351.

It is claimed by counsel for defendant in error that the judgment of the lower court should be affirmed for the reason that the assignment included all of Brasher's property, and that such an assignment in favor of certain creditors to the exclusion of others was in violation of the act of 1885. Sess. Laws, p. 43. It is a sufficient answer to such claim to say that defendant did not in his answer plead any such fraud or illegality in the assignment, nor was any such question in any manner raised in the court below; so it need not now be determined whether such a defense can or cannot be successfully interposed in an action of this character.

It is assigned for error that there is no evidence that plaintiff or Mrs. Howard and Mrs. Smith participated in or had any knowledge of Brasher's fraudulent intent, even conceding that he was insolvent, and intended by the assignment to defraud his creditors. It has been well said that fraud must be proved, and is never to be presumed; but, as it can. rarely be proved by direct evidence, a resort to presumptive evidence often becomes necessary. See remarks of Chief Justice Black, in *Kaine v. Weigley*, 22 Pa. St. 183; also, *Grimes v. Hill*, 15 Colo. 359. Lest, however, juries should indulge in presumptions of fraud from insufficient circumstances, or from circumstances which may be consistent with an honest and lawful purpose when prop-

erly understood, a party charged with fraud, as well as his antagonist, if he will take the pains to prepare and request correct and appropriate instructions, is entitled to have the same given in substance by the court in its charge, for the better protection of his rights and interests.

It is well settled that the question of fraudulent intent is generally a question for the jury. Counsel for defendant in error, in his brief, pertinently says: "The evidence in such cases cannot be properly presented to an appellate court." Nevertheless, counsel for both sides have undertaken to discuss the merits of such question upon the evidence presented in this record. It is unnecessary to follow them in such discussion. The question should be left for the consideration of the jury, under proper instructions from the court, upon a further trial of the action. The judgment of the superior court is reversed and the cause remanded.

*Reversed.*