THE DENVER MACHINERY COMPANY, APPELLANT, v. THE MERCHANT'S PUBLISHING COMPANY, APPELLEE.

1. INSTRUCTIONS TO JURIES—APPELLATE PRACTICE.

A trial court is invested with discretion to determine the form as well as the substance of the instructions which shall be given to the jury, and the appellate tribunal will never interfere with that discretion when it has been rightfully and carefully exercised.

2. INSTRUCTIONS TO JURIES.

The trial court is bound to instruct the jury on every legal proposition essential to enable it to arrive at a just conclusion, but if the law essential for its guidance is embraced in the charge given, the court is not bound to give other or additional instructions requested.

3. APPELLATE PRACTICE—ABSTRACT OF RECORD.

Where the court is unable to determine from an inspection of the abstract of the record whether error was committed by the trial court, there is no rule or practice requiring it to look elsewhere for information.

*Appeal from the District Court of Arapahoe County.*

Messrs. BROWNE, PUTMAN & PRESTON and Mr. WILLARD MILLIGAN, for appellant.

Mr. J. B. WILLSEA, for appellee.

BISSELL, P. J., delivered the opinion of the court.

Early in 1890, The Publishing Company, which is the appellee herein, was engaged in the publication of a paper in the city of Denver called the "Western Irrigator." In April, The Denver Machinery Company was organized, and by their articles of incorporation sundry persons, among whom were Henshall and Lytle, were named as officers and directors for the first year of the corporate existence. At about this date, negotiations were had between the two corporations through the admitted officers of The Publishing Company on the one side and Lytle on the other, looking to the publication of a very considerable edition of the paper to be devoted to the spread of information about the qualities of the merchandise carried and offered for sale by The Machinery Company, and the benefits to be gained by the public in dealing with that concern. In April, what is denominated the first edition of twelve thousand copies was printed and delivered to the company. Subsequently the two corporations entered into a written contract for the publication of two further editions of the paper to be devoted to the same general purposes, with some modifications of form and size and technical construction, which need not be stated. There is nothing in the case which requires us to set out the details of these contracts, or the history of the business, further than to refer to the fact that after the April edition was out, and subsequent to the publication of the remaining two issues, bills for the work were frequently presented to The Machinery Company, numerous promises were made by recognized officers for payment, and some small amounts were paid on the account. This will serve to emphasize the issue between the parties. When the bills were not paid, The Publishing Company brought

suit against the other corporation to recover what was due. The Machinery Company defended on the ground that they were not responsible for the first edition of the paper, because of the want of authority on the part of Lytle to contract on behalf of the corporation. All these issues of fact in the case were settled in favor of The Publishing Company by the jury, who found a verdict for the sum shown to be due.

No complaint is made on this hearing concerning the sufficiency of the evidence, or the rulings of the court made at the time of its introduction. The whole contention here rests on the refusal of the court to give some ten instructions asked by the attorneys for the defendants which are set out in the abstract. This paper book contains none of the instructions which were actually given, nor from it are we able to determine whether the action of the court was fully justified by the situation. As a general proposition, it may be said that the trial court is fully invested with discretion to determine the form as well as the substance of the instructions which shall be given to the jury, and the appellate tribunal will never interfere with that discretion when it has been rightfully and carefully exercised. It is equally true that the court is bound to inform the jury on every legal proposition essential to enable the jury to arrive at a just conclusion concerning the rights of the parties, and ordinarily courts do not hesitate to read to the jury whatever instructions counsel may ask, even though they are but little better than abstract propositions of law, and may not largely serve to enlighten that body. They are not bound, however, to do this, and may if they see fit restate these propositions and couple them with directions to the jury that they are only applicable in case they find certain facts, and in general do what may be necessary to enable the jury to reach an intelligent conclusion. *Marsh v. Cramer*, 16 Colo. 331 ; *Hill v. Corcoran*, 15 Colo. 270.

Under this well established practice, it furnishes no cause of complaint that the court refused to give the instructions asked, if the law essential for the guidance of the jury was embraced in the charge which the court gave. From the

statement made it is very evident that this court is unable to determine from an inspection of the abstract whether any error was committed by the trial court.   Our rules and our practice do not require us to look beyond that for information essential to enable us to determine the appeal.   Out of abundant caution, and with the desire to see that the rights of the parties were amply protected, we have departed from our very well settled practice in this matter, and taken the trouble to look into the record to examine what was improperly omitted from the abstract.   As a result of that examination, we are entirely satisfied that the trial was eminently fair, the jury accurately and fully instructed, and the rights of the parties amply protected by the charge of the court.

Since this is the only error to which our attention is called and it is without basis, the judgment of the court below must be affirmed.

*Affirmed.*