No. 19,129.

GRACE DRAKE *v.* LERNER SHOPS OF COLORADO, INC., ET AL.
(357 P. [2d] 624)

·Decided December 19, 1960.

1

Mr. GEORGE G. CHRISTIANSEN, for plaintiff in error.

Messrs. McCOMB, ZARLENGO & MOTT, for defendants in error.

*In Department.*

Opinion by MR. JUSTICE DOYLE.

THE parties will be referred to as they appeared in the trial court where plaintiff in error was plaintiff. Plaintiff instituted the action seeking damages resulting from a fall suffered as she emerged from the defendant's store. Plaintiff fell to the sidewalk and suffered a fractured hip and other injuries. Trial was had to a jury and at the close of the plaintiff's evidence dismissal was ordered. She seeks review of the judgment.

The defendant operates a clothing store at the corner of 16th and Champa streets in Denver. One entrance is on 16th Street and the other is on Champa. The injury occurred as plaintiff was leaving the store from the Champa Street entrance where there are two sets of

heavy glass doors leading to the outside. The inside set of doors were opened inward, and the outside set were closed and had to be pushed open by one making an exit. Beyond the outer set of doors is an area three feet in length leading to the sidewalk and which is some five inches above the sidewalk. This area is terrazzo and is on the floor level of the store. As one exits from the store there are decals on either side of the doors at about eye level. These have the words "Step Down" on them. The opposite side of the decals read "Pull."

Plaintiff testified that as she walked out the sun was shining and its reflection against a white building across the street was such that she could not see well and that she did not observe the "Step Down" signs, and was not aware of the five-inch drop-off to the sidewalk. As a consequence she fell and was injured.

The injury occurred on August 6, 1957, and on that day the sun was shining brightly. Photographs introduced in evidence tended to show that the warning signs were difficult to read up close. Another photo introduced by defendant established that the sign was clear from a few feet distance.

In granting the defendant's motion the trial court found the occurrence to have been an accident; that the defendant was free of negligence. In his remarks the judge concluded:

"The Court further finds from the evidence in this case that there was no breach of any duty by the defendant. I believe the evidence unequivocably shows, and the Court so finds, that there is no dangerous condition existing in the Lerner Shops at the entrance on Champa Street; further, that nowhere in the evidence can the Court find that there is any defective condition. Now, the law is pretty well settled on the question that all the duty the defendant has is ordinary care for safe conditions.

\* \* \*

"The Court feels from the evidence in this case that

the plaintiff has relied solely on a mere accident and not upon any negligence on the part of the defendant."

In urging that the court erred in holding that the evidence was insufficient as a matter of law, plaintiff argues that the evidence gave rise to conflicting inferences and that the court pronounced its own view — that the facts presented justify a contrary finding that a condition of danger foreseeable to defendant existed, and that defendant failed in its duty to give adequate warning or in any other manner to protect the plaintiff.

The question for determination is whether the maintaining of a step under the circumstances described constitutes sufficient negligence to require submission of the case to a jury. We conclude that it does not.

■ The owner of business premises owes a duty to one who comes to the premises at his invitation, express or implied, to protect the invitee not only against dangers of which he knows, but also against those which with reasonable care he might discover. *Home Public Market v. Newrock,* 111 Colo. 428, 142 P. (2d) 272. Restatement, *Torts,* sec. 332. "There is no liability, however, for harm resulting from conditions from which no unreasonable risk was to be anticipated, or those which the occupier did not know and could not have discovered with reasonable care. The mere existence of a defect or danger is not enough to establish liability, unless it is shown to be of such a character or of such duration that the jury may reasonably conclude that due care would have discovered it." Prosser, *Torts,* 459 (2d ed. 1955).

■ In order to establish a prima facie case of negligence, plaintiff's evidence must establish the existence on the premises of an unreasonable risk of harm to her as an invitee. The mere existence of risk is not sufficient. Some degree of risk is present in our every activity and if existence of hazard alone were the standard, it would mean that the happening of an accident would be sufficient to raise a presumption of negligence and the landowner would be an insurer of the safety of his

patrons. Such is not the law. *Home Public Market v. Newrock,* supra. The condition created by the conduct or activity of the landowner must pose an *appreciable* risk of harm. Restatement, supra, sec. 291. The defendant's conduct must threaten harm.

Considering the evidence in a light most favorable to plaintiff, it cannot be said that the condition about which she complains was such as to create an appreciable risk of harm. A step down of five inches is not a hazard which of itself suggests likelihood of harm, and consequently defendant was not required to eliminate it or to provide safeguards other than those which it did provide in order to satisfy the standard required by law. The photographs here indicate that defendant gave a reasonable warning; that the step was plainly visible, and it cannot be said that defendant's failure to provide against the reflection of the sun on the building opposite his own constituted negligence. The case of *Bailey v. King Soopers,* 142 Colo. 338, 350 P. (2d) 810, is distinguishable. The patron in that case was exposed to ice in a parking lot, an unquestionable hazard. The only question there was whether because of its location and visibility the defendant was under a duty to guard against the threat of injury which the condition created. Here no actionable threat of harm is apparent.

The judgment is affirmed.

MR. JUSTICE KNAUSS and MR. JUSTICE FRANTZ concur.