Mr. Justice Day
delivered the opinion of the Court.
We will refer to the parties by name.
This is the second time this action is before us on writ of error. Upon the first consideration we held that certain evidence was improperly and erroneously admitted in the trial which conceivably might have influenced the jury in determining the question of liability against Blackburn. Blackburn v. Tombling, 148 Colo. 161, 365 P.2d 243.
The judgment which was at that time entered against Blackburn on a jury verdict awarding Tombling $5000 damages was reversed and the cause remanded for a new trial. On the second trial the jury verdict also was in favor of Tombling in the amount of $3000, and to the judgment entered thereon against him Blackburn again brings writ of error to this court.
Tombling instituted suit against Blackburn alleging that on the day in question, while at the Erhard Hotel, which was leased and managed by Blackburn, she suffered injuries which were proximately caused 'by the negligent manner in which Blackburn maintained the *371 entryway to the hotel premises. Blackburn, by answer, admitted that he managed and operated the hotel, but denied all allegations as to his negligence and asserted affirmatively defenses among which was that of contributory negligence. The trial to the jury each time was on issues of Blackburn’s negligence and Tombling’s contributory negligence.
Pertinent evidence adduced at both trials may be summarized as follows: On the date of the accident Tombling entered the hotel for the first time. In so doing she stepped from the sidewalk onto a raised cement step, pulled open the right hand door, which she said “drug a little,” passed through a vestibule, through inner open “swinging” doors leading into the main lobby, and stepped up to the registration desk. There she inquired of the desk clerk for Blackburn, who was expecting her and with whom she had an appointment. She then waited in the lobby for about ten or fifteen minutes. In addition to meeting Blackburn and his wife, she was also to meet a third person. Some time prior to the Blackburn’s descent from their second floor apartment to keep the appointment, Tombling decided to go outside to look for the other member of the party. She passed through the vestibule, pushed the outside door open with her left hand, and fell, sustaining the injuries of which she complains.
From the sidewalk level to the lobby level is an approximate four and a half inch step-up extending the entire width of the entryway of approximately sixteen inches. This step is flush with the outside walls of the building. Set back of the inner side of an arched doorway are two doors which swing out over the step, each with handles on the outside. The doors were not of the “swinging” variety, and after being opened were closed by compression. The left hand door as one enters the hotel has been permanently locked for years. Upon entering the hotel one pulls open the right hand door; on leaving the premises one pushes the door open, there *372 being a brass plate at the height where pressure would usually 'be applied to open such a door. There is no handle or “push-bar” on the inside door. Each of the two outer doors consists of a large glass panel inserted in a door frame, leaving a wooden panel about six inches wide at the top and sides and a slightly larger panel at the bottom. The bottom panel has superimposed on it, both inside and outside, a brass plate, approximately eight inches wide.
Plaintiff attributed her fall to not being able to see the step down, maintaining that her view thereof was obstructed by the lower panel of the door. Additionally, she testified the mishap occurred at dusk and that the vestibule lights had not been turned on, further contributing to her inability to see the difference in elevation as she went out. The door, she said, did drag somewhat. There was no handle fixed on the inside of the door to secure one’s balance on going out. There is a sign on the locked door, reading “Use Other Door.” There is no sign such as “Step Down” or other warning of the step ahead. From photographs admitted as exhibits and testified to depicting the conditions as one sees them, there is additional support to the testimony given concerning the physical characteristics of the hotel entrance. These photographs, plus the oral testimony, are sufficient to support a finding by the jury that one fully exercising due care leaving the hotel could fail to observe the difference between the hotel and street levels. See Peters v. Schillig-Scott Lumber Co., 107 Colo. 310, 111 P.2d 898.
In the first trial, in addition to the above, there was introduced into evidence the opinion of an architect that the steps involved created a dangerous condition. Evidence was also introduced of isolated and disconnected incidents wherein persons had stumbled over the steps in question. We held that the admission of the expert opinion which, it was asserted, was the very issue the jury was called upon to determine, and the recital of *373 the other isolated and disconnected falls, constituted error and warranted reversal. Blackburn v. Tombling, supra. However, in addition to the two grounds expressly ruled upon, other assignments of error were presented in the first writ of error which are reasserted herein and summarized as follows: 1. that the evidence did not establish any negligence on the part of Blackburn, and that the court should have directed a verdict in his favor as a matter of law; and 2. that Tombling was guilty of contributory negligence as a matter of law.
In the opinion reversing the case, expressly on two assignments of error, there was no direct comment by the court and no express holding on the question of the sufficiency of the evidence to charge Blackburn with negligence nor did we express any opinion as to whether Tombling’s conduct constituted contributory negligence as a matter of law. But from the very fact that we were silent on the other assignments it was implicit in our determination and our remand for a new trial that the evidence — absent matters erroneously admitted — supported a claim of negligence sufficient to constitute questions for the jury. Had we held a contrary view at that time, we would have 'been compelled, willy-nilly, to remand the action to the trial court for dismissal and not for a new trial on the same evidence. If the evidence was sufficient then to warrant a new trial, with the erroneous matters to be excluded, it is sufficient now to sustain the second verdict.
On a second review, where we have already considered the sufficiency of the evidence in a former appeal, we will normally adhere to our former determination. A decision already made as to the sufficiency of evidence to warrant submission of questions of negligence or contributory negligence to a jury is conclusive on a second writ of error where substantially the same evidence is introduced and upon which the same arguments have been previously presented to the court. We have so held in at least two cases. Farmers Co. v. Fulton *374 Co., 81 Colo. 69, 255 Pac. 449; Smith v. Windsor R. & C. Co., 88 Colo. 422, 298 Pac. 646. It is true in those two cases that questions presented on subsequent writs of error were directly ruled upon and commented upon in the first opinion, but the law is no different where the same matters have been argued, although not directly ruled upon.
“Questions necessarily involved in the decision on a former appeal will be regarded as the law of the case on a subsequent appeal, although the questions are not expressly treated in the opinion of the court, as the presumption is that all the facts in the case bearing on the points decided have received due consideration whether all or none of them are mentioned in the opinion.” 5B C.J.S. Appeal and Error § 1832.
One other matter on the status of Tombling deserves brief comment. Blackburn has advanced the argument in both writs of error that Tombling was not an invitee but a mere licensee or social guest when she visited the premises. In both trials, an instruction was given to the jury stating that the duty owed to Tombling was one of reasonable care. The giving of the instruction has not been directly assigned as error in Blackburn’s briefs on writ of error, either in this case or when the matter was first before us, although Blackburn did object to the instruction given on the issue at each trial and in both did tender an instruction more favorable to him thereon. Suffice it to say that even if the question as to the propriety of this instruction had been properly raised here, the evidence in the record would support the conclusion that Tombling was an invitee and that the duty of care owed to her was correctly submitted to the jury.
The judgment is affirmed.
Mr. Justice Sutton concurs in the result.
Mr. Justice Schauer dissents.
*375 Mr. Chief Justice Pringle and Mr. Justice McWilliams not participating.