No. 21263.

NEWELL E. FRANKLIN v. RONALD K. WILSON, INDIVIDUALLY, AND RONALD K. WILSON, DBA WILSON CONSTRUCTION COMPANY.

(422 P.2d 51)

Decided December 27, 1966. Rehearing denied January 23, 1967.

DUANE O. LITTELL, RONALD O. SYLLING, RONALD C. HILL, for plaintiff in error.

BERMAN, LILLY, FRIEDRICHS & YOUNG, for defendants in error.

*In Department.*

Opinion by MR. JUSTICE DAY.

THE parties are aligned here as they were in the trial court and so will be referred to as they there appeared.

Plaintiff claimed damages for personal injuries sustained when he fell in a house owned and being constructed by the defendant, who is also the prime contractor. A jury verdict was returned against plaintiff, and he sues out writ of error here on the basis of alleged erroneous instructions submitted to the jury. Because we determine that the court should have granted defendant's motion for a directed verdict and a dismissal of the claim, we believe that there is no necessity on this occasion to determine the correctness of the instructions.

Plaintiff was an employee of a subcontractor who was to install a furnace in a partially completed house.

Without the knowledge of or authorization from defendant, plaintiff made use of a ladder he happened to find on the premises.

 We hold that the evidence does not make out a prima facie case to entitle plaintiff to recover from the defendant. It is fundamental that in an action based upon negligence there must be a duty imposed by law upon a defendant and a breach by him of that duty with resultant damages before a negligence action can be maintained. *Roessler v. O'Brien*, 119 Colo. 222, 201 P.2d 901.

 The relationship in which the parties stood to each other was remote. Plaintiff was the employee of the subcontractor, not the defendant prime contractor. In *Armour v. Peterson*, 150 Colo. 210, 371 P.2d 770, we held that where there is an unauthorized use of a piece of equipment by such an employee, the prime contractor has no responsibility for damages arising from the defect of such appliance. The ladder in this case was not defective; but, if it was, the rule in *Armour* would still apply, and the defendant would not be liable.

The judgment is affirmed.

MR. JUSTICE MCWILLIAMS and MR. JUSTICE FRANTZ concur.