No. 22597.

MONTGOMERY WARD & CO. *v.* KATHERINE KERNS.

(470 P.2d 34)

Decided June 1, 1970. Rehearing denied June 29, 1970.

60

WARBERG & DRESSEL, SONJA WARBERG, for plaintiff in error.

O. REX WELLS, JAMES P. JOHNSON, SAMUEL L. ANDERSON, for defendant in error.

*In Department.*

Opinion by MR. JUSTICE PRINGLE.

KATHERINE KERNS, hereinafter referred to as the plaintiff, was injured while an invitee on the premises of a store operated by Montgomery Ward & Co., hereinafter referred to as the defendant. At trial, the jury awarded the plaintiff $22,500 in damages.

The defendant makes four contentions of error. (1) The trial judge erred in refusing to grant the defendant's motions for a directed verdict. (2) The trial judge erred in giving certain instructions to the jury and in refusing certain instructions tendered by the defendant. (3) The jury verdict is inconsistent. (4) The defendant did not receive a fair trial. We do not agree with these contentions and we therefore affirm the judgment of the trial court.

I.

There is no dispute concerning the condition which caused injury to the plaintiff. The store where the injury occurred has two entrances onto a street running East and West. At each entrance is a single door consisting almost entirely of glass which opens inward. The floor level of the store is approximately 4½ inches higher than the level of the sidewalk without. At the West entrance a ramp has been built to eliminate the step, but outside the East entrance there is a 4½-inch step immediately in front of the door.

There were no witnesses to the plaintiff's mishap, and

the only testimony concerning her accident came from the plaintiff. Plaintiff testified that she entered the store by the West entrance which had the ramp in place of a step. After shopping, she exited by way of the East entrance, a doorway she had never used before. There were no signs on the door to warn her of the step immediately beyond, and though the plaintiff testified that she looked through the door to the surface beyond it, she could not see the difference in levels. She opened the door and after taking a step or two fell on the step, wrenching her back as she did so.

Relying primarily on our decision in *Drake v. Lerner Shops of Colorado, Inc.*, 145 Colo. 1, 357 P.2d 624, the defendant argues that the plaintiff failed to make out a prima facie case for recovery since the condition which caused her injury does not constitute an unreasonable risk of harm.

We have uniformly held that an occupier of business premises owes a duty to use reasonable care to protect an invitee who comes to the premises against dangers of which the occupier knows or might discover by the exercise of reasonable care. In applying this rule, we held in *Drake, supra,* that in order to establish a prima facie case of negligence on the part of an occupier of business premises the evidence must establish the existence on the premises of a condition creating an unreasonable risk of harm to the invitee. Whether or not the invitee has proven such a condition to exist must depend on the circumstances of each case.

There is more than the mere existence of a step in this case. The step was situated immediately outside a glass door through which it was intended customers would enter and exit, and there existed circumstances from which the jury could infer that the step was a concealed one. While the step outside the West entrance was eliminated by a ramp, this was not done at the East entrance. There were no signs posted on the door to warn of the step beyond, as there were in the *Drake* case.

Under all of the circumstances, we conclude that the plaintiff presented sufficient evidence from which the jury could infer that an appreciable risk of harm existed. See *Blackburn v. Tombling*, 158 Colo. 369, 407 P.2d 337.

Nor can we conclude as a matter of law that the plaintiff was guilty of contributory negligence. She testified that as she approached the door she looked through it to the surface beyond and saw no difference in level. She further testified that she looked on the door for any warning sign but saw none. From this testimony the jury could conclude that the plaintiff was proceeding with ordinary caution under the circumstances.

II.

The defendant argues that the court was in error in giving instructions number 9, 10, 12, 13 and 15. Of these instructions only instruction 13 was specifically objected to by the defendant at trial on the same grounds set forth on this appeal. As to the other instructions, it is sufficient to note that this court will not ordinarily consider objections to instructions given to the jury when those objections were not made during the course of the trial. C.R.C.P. 51; *Wales v. Howard*, 164 Colo. 167, 433 P.2d 493.

Instruction 13 instructed the jury that a person has a duty to use ordinary care while walking and to observe where she is going, and that to look and fail to see that which was plainly visible is to look without a reasonable degree of care and is of the effect of not looking at all. The defendant argues that the instruction as given was incomplete and should have gone on to instruct the jury that a failure to look and not see that which was plainly visible is negligence.

All of the court's instructions to the jury are to be read and considered as a whole in determining whether all the necessary law has been correctly stated to the jury. *Frazier v. Edwards*, 117 Colo. 502, 190 P.2d 126. The trial court may exercise sound discretion as to the form and style in which instructions shall be given.

*Marsh v. Cramer,* 16 Colo. 331, 27 P. 169. It follows that it is not error for the trial court to refuse a request to charge, correct in legal effect and applicable to the material question of fact in controversy, where the charge is included in substance in the instructions given.

The judge instructed the jury in instruction 19 that they must read and consider all of the instructions as they are connected with and related to each other as a whole when determining the law applicable to the case. Instruction 2 on negligence instructed the jury that failure to do what an ordinarily careful and prudent person would have done under the circumstances is negligence. Taken as a whole, the instructions adequately inform the jury that failure to look and see that which was plainly visible when the person has a duty to observe where she was going would be negligence.

■■■■ Instructions 1 to 5 tendered by the defendant were properly refused by the trial judge for the reason that they are substantially duplicated by the instructions given by the court.

III.

■■■■ The building wherein the accident occurred was leased to the defendant by Richard L. Smith and Constance E. Smith, hereinafter referred to as the owners. The owners were named as defendants by the plaintiff, and they appeared and defended themselves during the trial. The defendant filed a cross claim against the owners based upon covenants in the lease agreement between them, but this cross claim was dismissed without prejudice at the request of the defendant before the case went to the jury.

The defendant argues that the verdict is inconsistent because it finds liability against only the defendant while under the circumstances of the case, the defendant cannot be liable without corresponding liability on the part of the owners. We do not agree.

It may be that certain instructions dealing with the owners' liability led to the jury verdict exonerating the

owners. But the defendant, Montgomery Ward, did not object to those instructions during the course of the trial, although the instructions, in effect, told the jury that it could find the defendant, Montgomery Ward, solely liable for plaintiff's injuries. It might be that those instructions were erroneous, but we will not permit the defendant to fail to object to error during the course of the trial, and then take advantage of that error when the verdict is contrary to its wishes.

IV.

 There is no reason for discussing the final contention of error that the defendant did not have a fair trial in this case. We have found no error prejudicial to the defendant in the record, and we find that the defendant has had a fair trial.

The judgment is affirmed.

MR. JUSTICE HODGES, MR. JUSTICE KELLEY and MR. JUSTICE GROVES concur.