539 P.2d 1296 (1975)
Ronald W. JOHNSON, a minor by and through his next of friend and natural father, Ronald O. Johnson and Ronald O. Johnson, Plaintiffs-Appellants,
v.
Warren F. KRUEGER and Doris E. Krueger, Defendants-Appellees.
No. 74-491.
Colorado Court of Appeals, Div. I.
July 8, 1975.
Rehearing Denied July 22, 1975.
Certiorari Denied September 22, 1975.
*1297 Stitt, Wittenbrink & Roan, P.C., R. J. Wittenbrink, Denver, for plaintiffs-appellants.
Yegge, Hall & Evans, Raymond J. Connell, Denver, for defendants-appellees.
Selected for Official Publication.
ENOCH, Judge.
Plaintiff Ronald O. Johnson brought this tort action to recover damages on his own behalf and on behalf of his injured son, plaintiff Ronald W. Johnson (Ron). Plaintiffs appeal from a judgment dismissing their complaint at the close of plaintiffs' evidence in a trial to a jury. We affirm.
Plaintiffs' evidence showed that on the afternoon of September 14, 1972, Ron, then 11 years of age, was playing touch football with neighborhood children on the front lawn of a residence at 9181 Tennyson Street in Westminster. The north property line of that address was their north goal and the south edge of a concrete driveway on that property was their south goal. During the course of the game Ron ran to catch a forward pass, crossing onto defendants' front lawn which was adjacent to and south of the yard on which the game was being played. As he was running, Ron was looking back to watch the ball. Straining to reach the ball, Ron either leaped or tripped, falling onto a stump located on defendants' property and sustaining serious injuries. All witnesses ageed that Ron had not tripped on the stump itself.
The stump in question is located on defendants' property approximately 14 and one half feet south of defendants' north boundary and about 11 and one half feet west of the combination curb, gutter and *1298 sidewalk. South of the driveway that was serving as the south goal there was about 13 feet of yard before the property line of defendants' property. The stump, which was left when defendants cut down a tree damaged by an early heavy snowstorm in September of 1971, was about six inches in diameter and stood 8 to 10 inches above the ground. At the time of the accident a new shoot had come up from the base of the stump, and this shoot was three to four feet tall.
There was testimony by participants in the game that they had played football on the lawn of 9181 in the past and that on occasion players had gone onto defendants' property. Defendant Warren Krueger, called as plaintiffs' witness, testified that he had observed children playing next door, and that children occasionally crossed the lot, but that the children never actually played in his yard, nor had he observed balls accidentally thrown into the yard.
After plaintiffs had presented all of their evidence except medical testimony concerning the injuries, the court granted defendants' motion to dismiss, concluding that, "I can't see any negligence whatsoever, any proximate cause . . ." On appeal plaintiffs contend that the court erroneously took from the jury the issues of negligence and proximate cause, and that the court applied the wrong standard of care to defendants in determining that plaintiffs failed to present a prima facie case of negligence.
Before an action based upon negligence can be maintained, it must be shown there was a duty imposed by law upon defendants and that defendants breached that duty with resultant damages. Franklin v. Wilson, 161 Colo. 334, 422 P.2d 51; Roessler v. O'Brien, 119 Colo. 222, 201 P.2d 901. A landowner has a duty to exercise reasonable care to prevent harm to those coming onto his property in view of the probability or foreseeability of injury to others. Mile High Fence Co. v. Radovich, 175 Colo. 537, 489 P.2d 308. In determining whether defendants met this duty, under the facts of this case, consideration should be given to the following: Whether defendants reasonably could have foreseen that persons such as plaintiff would or might come onto the portion of their premises where the stump was located in the manner followed by plaintiff or for the same or similar purposes; and whether the existence of the stump on the premises created an unreasonable risk of injury to persons such as the plaintiff, which they could not reasonably be expected to discover for themselves. See Colorado Jury Instructions 12:9 (1975 Supp.).
We agree with the court that the evidence considered in the light most favorable to plaintiff falls short of establishing a prima facie case of negligence. In our view, defendants did not act unreasonably in leaving the stump since it was not reasonably foreseeable that a child would run from a game on an adjacent lot a considerable distance into defendants' property and fall on a stump which was clearly visible. Hence, since there is no factual theory inferable from the evidence on which a jury could reasonably base a finding of negligence, the court properly dismissed the case. Sniezek v. Cimino, 146 Colo. 119, 360 P.2d 813; Drake v. Lerner Shops of Colorado, Inc., 145 Colo. 1, 357 P.2d 624.
Plaintiffs contend that the court erred by stating that Ron trespassed on defendants' property and then by applying the lower standard of care due trespassers which was applicable prior to the decision in Mile High Fence Co. v. Radovich, supra. We do not find that the court applied the wrong test. Mile High Fence does not preclude the classification of persons who enter on another's property. It holds that such a classification of status is no longer the controlling determinant of the standard of care to be applied, but that status may be considered in determining whether the property owner acted reasonably in view of the probability or foreseeability of injury to others. Our examination of plaintiffs' evidence leads us to agree with the *1299 trial court that defendants met that standard of care required of them under the rule enunciated in Mile High Fence.
In light of our conclusion that plaintiffs failed to present a prima facie case of negligence, we need not consider plaintiffs' remaining contentions.
Judgment is affirmed.
COYTE and BERMAN, JJ., concur.