Joseph M. ZUFFOLETTO, Sr., Individually and as Personal Representative of the Estate of Pearl Elin Zuffoletto, and as Parent and Next Friend of Joseph M. Zuffoletto, Jr., a minor, and Carmella Zuffoletto, Plaintiffs-Appellants,

v.

DILLON COMPANIES, INC., a Kansas Corporation, doing business as King Soopers, Defendant-Appellee,

and

Theresa D. Dreiling, Defendant.

No. 82CA0840.

Colorado Court of Appeals, Div. II.

March 6, 1986.

As Modified on Denial of Rehearing April 24, 1986.

Certiorari Denied July 7, 1986.

Pred & Miller, Ronald S. Pred, Denver, Criswell, Patterson & Myles, John A. Criswell, Englewood, for plaintiffs-appellants.

Hall & Evans, Richard A. Hanneman, Alan Epstein, Denver, for defendant-appellee.

No Appearance for defendant.

BERMAN, Judge.

By this appeal plaintiff, Joseph M. Zuffoletto, individually, as personal representative of his deceased wife, and as parent of his two minor children, seeks reversal of a jury verdict, holding that one of the defendants, Dillon Companies Inc. (King Soopers) was not negligent in regard to a fatal collision between a tractor-trailer driven by a King Soopers' employee (Jackson) and the vehicle being driven by the plaintiff. We affirm.

The tragic events giving rise to this action occurred on March 3, 1979. Jackson was driving a King Soopers truck north on the interstate highway in Denver, travelling at approximately 45 miles per hour, 10 miles per hour below the posted speed limit. The lane Jackson was driving in and the lane to his left were wet, and the slower lane to his right had melting snow conditions.

Defendant Theresa Dreiling was driving a Volkswagen in the lane to Jackson's left, and she passed Jackson while travelling at approximately 55 to 60 miles per hour. As Dreiling got ahead of Jackson, her vehicle began fishtailing and slid into the lane occupied by Jackson. A few seconds later, Jackson's truck collided with Dreiling's vehicle.

Following the impact between the King Soopers truck and the Volkswagen, the truck became uncontrollable and proceeded through the guardrail between the northbound and southbound lanes of the interstate and struck the southbound car in which the Zuffoletto family was travelling. Plaintiff's wife was killed in the collision and the others in the car sustained injuries.

At trial, the jury found that defendant Dreiling was negligent and that her negli-

gence was the proximate cause of plaintiffs' injuries. It also found that defendant King Soopers was not negligent and did not cause plaintiffs' injuries. This appeal ensued.

Plaintiffs concede that the propriety of Jackson's actions after the sudden emergency arose was properly submitted to the jury as a question of fact, and that the evidence in the record supports the jury's conclusion that Jackson was not negligent in this regard. Thus, the issue before this court is whether the evidence can support the jury's finding that Jackson was not negligent in his operation of the truck prior to the occurrence of the sudden emergency.

Plaintiffs contend that, as a matter of law, but for Jackson's negligence before the emergency, no emergency would have arisen or, at least, the King Soopers truck would not have gone out of control. Plaintiff bases this contention on two grounds: First, that Jackson was negligent in proceeding down the highway at a speed of 45 miles per hour given the adverse road conditions; and second, that Jackson was negligent in proceeding down the highway under circumstances in which he knew that it would be impossible to brake his vehicle to a stop within a reasonable distance. We conclude that the record does not, as a matter of law, mandate that either of these contentions be accepted by the jury.

■ Questions of negligence are issues of fact to be determined by the jury and if adequate evidence exists in the record to support the jury's finding in these regards, its decision must be affirmed. *City of Aurora v. Loveless,* 639 P.2d 1061 (Colo.1982). If more than one inference can be drawn from the evidence, even if the evidence is undisputed, these questions may not be taken from the jury. *See Ferguson v. Gardner,* 191 Colo. 527, 554 P.2d 293 (1976). Also, the credibility of all witnesses is to be determined by the jury. *City of Aurora v. Loveless, supra.*

■ Plaintiffs' first contention regarding Jackson's speed is based on the testimony of an expert witness, who stated that Jackson should not have been driving at 45 miles per hour. The expert, however, stated on cross-examination that the speed that a truck driver should be travelling is a "judgment call." Moreover, defendant's expert testified that in his opinion, Jackson was travelling at a reasonable speed under the conditions. Hence, the evidence on this issue presented a fact question properly submitted for jury resolution.

■ Plaintiffs' other contention regarding Jackson's inability to use his brakes in the manner necessary to stop his vehicle within a reasonable distance is based on Jackson's testimony that he used a manual braking system rather than the vehicle's special anti-lock system, because the anti-lock system did not work at various times. There was expert testimony that Jackson's operation of the manual system was done in a proper manner under the conditions he faced, that a full hard application of the brakes would not have been appropriate, and that his operation of the manual system was similar to using the special anti-lock system. The record indicates that this special anti-lock system on this particular vehicle sometimes did not work. Also, the evidence reveals that Jackson had previously had trouble with the truck's brakes and was constantly reporting the matter to the King Soopers' maintenance department. Furthermore, Jackson was of the view that in wet situations it is not proper to rely upon this automatic braking system, but it was necessary to apply and release the brakes manually, in order to prevent a wheel lock. The jury apparently found this testimony to be credible, and it is not within our province to disagree. *See Ferguson v. Gardner, supra.*

Ample evidence in the record and reasonable inferences from that evidence clearly support the jury's verdict. Jackson was confronted with an emergency caused by the negligence of another driver. He was proceeding cautiously and with full control of his vehicle. Once the sudden emergency was created by defendant Dreiling, he act-

ed reasonably in trying to avoid an accident.

The judgment is affirmed.

ENOCH, C.J., concurs.

STERNBERG, J., dissents.

STERNBERG, Judge, dissenting.

If the only issue concerning the negligence of the driver of the King Soopers truck was his actions *after* the Volkswagen pulled in front of him, I would agree with the majority opinion that we would be required to affirm the judgment. However, in this appeal, the plaintiffs do not urge reversal on that basis. Rather, they assert that, by the unopposed evidence presented, the driver of the King Soopers truck was negligent as a matter of law because of his conduct occurring *before* any sudden emergency arose. I agree and therefore respectfully dissent.

This heavy, large tractor-trailer rig was being driven at 45 miles per hour through several inches of slush. It was being driven with brakes the driver knew to be defective. The brakes of this truck were wet, and thus, even less able to control the rig. Such actions, as a matter of law, were negligent, in my view.

The truck driver knew that even though his speed was less than the posted limit, under the road conditions his speed was not reasonable because he could not stop the vehicle within any reasonable distance. This conduct is exacerbated when consideration is given to the truck driver's testimony that he knew the brakes were wet, that certain automatic features involved in the braking system were not operative, and that therefore he could not apply full pressure to the brakes. Only by feathering or modulating them could he avoid the risk of going out of control. Not only did this evidence show negligence as a matter of law, but also it should have precluded the giving of the "sudden emergency" instruction because the truck driver was not placed in a position of peril through no fault of his own.

This defendant being negligent as a matter of law and there being no question but that the plaintiffs were not in any way negligent, the cause should be remanded with directions to enter judgment in favor of the plaintiffs against defendant Dillon Companies, Inc.

I would grant the petition for rehearing.