Archie and Virginia CALVARESI, Donald and Chieko Campbell, Birthe N. Clark, Ronald A. Garcia, Marsha L. Blake and Ernest J. Glavaz, Norman N. Griffin, George L. and Arletta Grove, Warren E. and Etta J. Hanson, Alfred and Gisela Hoeger, Chester W. and Doris A. Hollis, John and June Maguire, Ida F. Mohr, Lawrence, Diana, Gerald and Sharon Putz, Milan and Liliane Radovic, Carl and Marjorie E. Rollo, Beth L. Warner and The Estate of Walter O. Warner, and Abadan Ziatabari, Plaintiffs–Appellees,

**and**

Adriatic Investment Corporation, Mark S. and Mary J. Austin, Dennis L. and Judith A. Birtcil, Roy D. and Elfriede Brown, Richard P. and Kim D. Dyer, William B. and Patrice A. Ensign, Dorothy E. German, Robert E. and Helen E. Maloney, Robert W. and Marsha A. Hickson, Alfred A. and Gisela L. Hoeger, Earl J. and Dorothy I. Koger, Linda C. (Keever) Lorenzen, Charles L. and Angela M. Meininger, Pat C. and Joan B. Nicholl, Loney E. and Antonia Peralta, Lawrence J. and Diana K. Putz, Paul F. Rather, Ellen J. Riley, John Roth, Jr. and Rosemary E. Roth, Anna and Boleslaw Sadowski, Darel D. and Joan F. Saindon, Raymond D. and Mary Ann Stevens, Gwendolyn M. Struble, Raymond and Sandra G. Vasquez, Donald C. Waddill, Judith A. Waddill, Jack M. Warkins, Don W. Washco and Virginia A. Washco, Virgil D. and Annadene P. White, Ronald E. and Patricia C. Wittmer, Jack C. and Violet M. Woods, Donal B., Shelia A. and Marylynn F. Wynkoop, and Abadan Ziatabari, Plaintiffs–Cross–Appellants,

**v.**

NATIONAL DEVELOPMENT COMPANY, INC. and Robert J. Sabinske, Defendants–Appellants and Cross–Appellees.

ESTATE OF Betty L. CHARTIER, By and Through personal representatives, William F. CHARTIER and Becky S. Carey, William Lee, Richard and Donna McClain and Edward and Lilian Wilson, Plaintiffs–Appellees and Cross–Appellants,

v.

NATIONAL DEVELOPMENT COMPANY, INC. and Robert J. Sabinske, Defendants–Appellants and Cross–Appellees,

Elizabeth H. BACHMAN, Nick Bibich, Douglas and Mavis Collins, and John and Pamela Johnston, Plaintiffs–Appellees and Cross–Appellants,

v.

NATIONAL DEVELOPMENT COMPANY, INC. and Robert J. Sabinske, Defendants–Appellants and Cross–Appellees,

and

Richard and Glenna BISSEGGER, Daniel and Joyce Brost, Arthur and Isabelle Cooper, Calvin and Betty Kugler, William and Ida Sherman and Pete Cordova, John and Stamatia Spanos, and Thomas and Grace Steven, Plaintiffs–Appellees and Cross–Appellants,

v.

NATIONAL DEVELOPMENT COMPANY, INC. and Robert J. Sabinske, Defendants–Appellants and Cross–Appellees.

and

Kenneth and Julie SAMSON and Irene St. Amand, Plaintiffs–Appellees,

v.

NATIONAL DEVELOPMENT COMPANY, INC. and Robert J. Sabinske, Defendants–Appellants.

Nos. 86CA0589, 86CA1487, 86CA1746, 86CA1813 and 87CA0362.

Colorado Court of Appeals, Div. V.

Nov. 25, 1988.

As Modified on Denial of Rehearing Dec. 22, 1988.

Certiorari Denied April 10, 1989.

Van Horne, Vogt, Noall & Hodges, P.C., Allan F. Van Horne, Donald D. Vogt, L. Scott Noall, Johnson and Mahoney, P.C., Collie E. Norman, Denver, for all plaintiffs-appellees (except Kenneth and Julie Samson and Irene St. Amand) and cross-appellants.

Thomas A. Wallace, Denver, for plaintiffs-appellees Kenneth and Julie Samson, and Irene St. Amand.

Weller, Friedrich, Hickisch, Hazlitt & Ward, Geoffrey S. Race, Edward J. Godin, Julia M. Duffy, Denver, for defendants-appellants and cross-appellees, Nat. Development Co., Inc. and Robert J. Sabinske.

NEY, Judge.

Defendants, Robert J. Sabinske and National Development Company, Inc., appeal the judgment holding them liable and awarding damages to the owners of certain lots in a residential subdivision that was established over an abandoned coal mine. Plaintiffs cross-appeal the court's rulings dismissing the claims of certain plaintiffs and limiting the damages available. We affirm in part, reverse in part, and remand with directions.

In 1955, defendant Sabinske purchased agricultural property for development of a residential subdivision. Portions of this property were above a coal mine that had been abandoned for a number of years. When Sabinske purchased the land, there was visual evidence of the mine's existence. Sabinske had the land rezoned to allow for residential development, and he obtained approval of a subdivision plat and plan. During this time, evidence of the previous mining activity was obliterated. Sabinske then sold the land to plaintiffs or their predecessors in interest through defendant National Development Company for use as residential lots.

In 1978, Jefferson County commissioned an engineering firm to identify areas in the county that were subject to subsidence from mining activity. In 1981, in response to the engineering study which concluded that the mine under the subdivision posed a danger of subsidence, the county declared portions of the subdivision a geologic hazard zone. In September 1981 the county notified plaintiffs that land use activities within the zone were severely restricted and building permits were revoked.

In January 1982, plaintiffs filed this action against defendants, alleging negligence in the development and sale of the property within the subdivision. The issues of liability and damages were tried separately. During the trial on liability, the court dismissed the claims of those plaintiffs whose lots were not within the geologic hazard zone established by the county. The remaining claims were submitted to a jury, which returned a verdict finding defendants negligent in the development of the subdivision and in the sale of subdivision lots. The jury also found that certain plaintiffs who commenced construction after the county was notified of the subsidence hazard were comparatively negligent. The trial court set aside the verdict on comparative negligence, and the issue of damages was tried to the court. This appeal followed.

I

■ Defendants contend that plaintiffs' claims are barred by the ten-year statute of repose set forth in Colo.Sess.Laws 1979, ch. 144, § 13–80–127(1)(a) at 631. We disagree.

Section 13–80–127(1)(a) provided:

"All actions against any architect, contractor, builder or builder-vendor, engineer, or inspector performing or furnishing the design, planning, supervision, inspection, construction or observation of construction of any improvement to real property shall be brought within two years after the claim for relief arises, and not thereafter, but in no case shall such an action be brought more than ten years after the substantial completion of the improvement to real property...."

The statute applied only to actions against certain classes of persons listed in the statute who are engaged in construction of improvements to real estate. *Stanske v. Wazee Electric Co.*, 722 P.2d 402 (Colo.1986). It does not specifically refer to real estate developers. Furthermore, defendants' activities in developing the subdivision for sale to plaintiffs were limited to having the property rezoned and obtaining approval of a subdivision plan and plat. Defendants' efforts in marketing the lots within the subdivision were not directly related to any proposed construction projects on the individual lots sold to plaintiffs. Thus, defendants' activities cannot be characterized as an "improvement to real property" within the meaning of § 13–80–127. *See Ciancio v. Serafini*, 40 Colo.App. 168, 574 P.2d 876 (1978); *Raffel v. Perley*, 14 Mass.App. 242, 437 N.E.2d 1082 (1982). We therefore conclude that

plaintiffs' claims against defendants are not barred by the statute of repose.

## II

Defendants next contend they were entitled to a directed verdict at the close of plaintiffs' case during the trial on liability based on plaintiffs' failure to produce expert opinion evidence on the appropriate standard of care for real estate developers at the time of their activities. We disagree.

To recover under a theory of negligence, a plaintiff must prove that the defendant breached a duty of care owed to the plaintiff and thereby caused the plaintiffs' damages. *Franklin v. Wilson,* 161 Colo. 334, 422 P.2d 51 (1966). A legal duty to use reasonable care arises in response to a foreseeable risk of injury to others. *Metropolitan Gas Repair Service, Inc. v. Kulik,* 621 P.2d 313 (Colo.1980). Only when the standard of care involves questions beyond the competency of ordinary persons is expert testimony required to establish that standard. *Palmer v. A.H. Robins Co.,* 684 P.2d 187 (Colo.1984).

Here, the jury initially determined that defendants were aware of the existence of the coal mine when they developed the subdivision. The jury then had to determine whether defendants were negligent in marketing the property as a residential subdivision. The evidence was undisputed that defendants failed to investigate the possibility of subsidence or disclose the existence of the mine to purchasers of subdivision lots. Since, under these circumstances, the applicable standard of care was not beyond the knowledge and experience of the average juror, we conclude that plaintiffs were not required to establish a standard of care through expert opinion evidence. *See Palmer v. A.H. Robins, supra.*

## III

Defendants next contend the trial court erred in setting aside the jury verdict finding comparative negligence on the part of those plaintiffs who commenced construction in 1979 or later. We disagree.

A jury's verdict may be set aside and a motion for judgment notwithstanding the verdict may be granted if the trial court determines that there was insufficient evidence to create an issue for the jury. C.R.C.P. 50(b). This determination is a matter within the discretion of the trial court. *See Herrera v. Anderson,* 736 P.2d 416 (Colo.App.1987).

Here, the trial court determined it had erred in submitting the issue of comparative negligence to the jury because there was no evidence from which the jury could find that these plaintiffs had actual or constructive knowledge of the existence of the coal mine. Our review of the record supports this determination. Therefore, the trial court's ruling will not be disturbed on review.

## IV

In their cross-appeal, certain plaintiffs contend the trial court erred in granting defendants' motion for a directed verdict on the claims of those plaintiffs whose lots were within the subdivision but outside of the geological hazard zone established by Jefferson County. We agree.

A motion for a directed verdict may be granted only when the evidence, considered in the light most favorable to the party against whom the motion is directed, compels the conclusion that reasonable persons could not disagree, and when no evidence has been presented that could sustain a jury's verdict against the moving party. *Zuffoletto v. Dillon Companies,* 721 P.2d 1205 (Colo.App.1986).

Here, the plaintiffs in question presented evidence indicating that the value of their property had decreased substantially because of defendants' negligence. Plaintiffs therefore established a prima facie case for damages resulting from defendants' tortious interference with real property. *See Board of County Commissioners v. Slovek,* 723 P.2d 1309 (Colo.1986).

## V

On cross-appeal, all plaintiffs contend the trial court erred in prohibiting the introduction of evidence relating to damages for annoyance and discomfort and for loss of use and enjoyment of the property. We agree.

The selection of the appropriate measure of damages for tortious injury to land is a matter within the sound discretion of the trial court. *Board of County Commissioners v. Slovek, supra.* In exercising this discretion, the trial court must permit an injured landowner to recover damages for "any and all losses that result from the conduct for which the defendant is liable, including the loss of the use of the property, if any, and any separate injuries in the nature of discomfort, annoyance or physical illness." *Board of County Commissioners v. Slovek, supra.*

The record is unclear as to whether the trial court considered the availability of these damages to plaintiffs. On retrial, plaintiffs must be given an opportunity to prove these damages. *Board of County Commissioners v. Slovek, supra.*

## VI

Plaintiffs next contend the trial court erred in ruling that they were not entitled to recover damages for emotional distress. We disagree.

The record indicates that plaintiffs withdrew their claims for fraud and intentional infliction of emotional distress. Thus, the trial court correctly determined that plaintiffs were not entitled to recover damages for emotional distress. *See Slovek v. Board of County Commissioners,* 697 P.2d 781 (Colo.App.1984), *aff'd,* 723 P.2d 1309 (Colo.1986); *McNeill v. Allen,* 35 Colo.App. 317, 534 P.2d 813 (1975).

The judgment in favor of the plaintiffs who own lots within the geological hazard zone is affirmed. The judgment is reversed as to the dismissal of the claims of those plaintiffs who owned lots outside the geological hazard zone, and the cause is remanded with directions to reinstate those plaintiffs' claims and to permit all plaintiffs to assert damages for loss of use and enjoyment and for annoyance and discomfort.

PLANK and JONES, JJ., concur.